### HAMILTON *v.* THE CITY OF NEW ALBANY.

CITY.— *Cemetery.— Pleading.— Title.*—Complaint against a city, averring that the defendant had within her limits a cemetery, in which she required all interments in said city to be made, and of which she had sole control; that she conveyed a lot therein to plaintiff, subject to her supervisory care, within which lot he interred the body of his deceased child; that subsequently, without his knowledge or consent, the sexton of said cemetery, appointed by the defendant and under her control, removed said body to a lot used as a common burial ground, to the damage, &c. Answer, that at the time of the trespass charged, and for a long time prior thereto, one A., a third person, was and had been the owner of said lot, and was in possession thereof, and that the removal was made under his authority, in good faith, with care and decency.

*Held*, that the answer was good on demurrer, without showing from whom or how A. acquired title.

SAME.— *Damages.*—Proof was made on the trial, that two years before the cause of action accrued, the plaintiff having years before removed from the city, the latter, by mistake, sold and conveyed to A. the cemetery lot theretofore sold to plaintiff; that when about to inter a corpse in said lot at A.'s request, the sexton discovered the box containing the remains of plaintiff's child, and carefully removed the box and buried it in a place set apart for single graves, of which the plaintiff had no knowledge till he sent his wife to remove the body of the child to another city, the plaintiff's place

of residence. No special damages and no expenses incurred were shown. Finding for the plaintiff, with nominal damages, which this court refused to disturb.

JURISDICTION—*Title to Real Estate.*—Where a judge of the common pleas court, considering the question of the title to real estate as involved in a cause in that court, orders the transfer of the cause to the circuit court, the ruling is final.

HARMLESS ERROR.—*Demurrer.*—In an action in which the plaintiff recovered, a demurrer filed to an answer alleging a compromise of the cause of action before suit brought was overruled.

*Held*, that, as the answer could not reduce the damages awarded the plaintiff, if there was error in the ruling it was not available on appeal.

SAME.—*Evidence.*—Evidence of a contract with the plaintiff's wife to compromise the cause of action was admitted, but the finding was against any such contract.

*Held*, that the admission of this evidence could not reverse the judgment.

APPEAL from the Floyd Common Pleas.

RAY, C. J.—The appellant brought his action against the city of New Albany, charging in the first paragraph of his complaint, that said city had within her corporate limits a cemetery within which she required the bodies of all persons dying in said city to be buried; that she had sole control of said cemetery; that she conveyed a lot therein to the appellant subject to her supervisory care, within which lot he interred the body of his deceased child; that subsequently and without his knowledge or consent, the sexton of said cemetery, appointed by said city, and under her control, removed said body to a lot used as a common burial ground, to the damage, &c.

The second paragraph of the complaint contains the further averment, that subsequent to the purchase by appellant of said lot, and after the burial therein of his said deceased child, the city wrongfully sold and conveyed the same lot to one Featheringill, and thereupon removed the said body.

A general denial was filed, and also a second paragraph of answer to the first paragraph of the complaint, in which it was alleged that at the time of the trespass charged, and for a long time prior thereto, one Featheringill was, and

had been, the owner of said lot, and was in possession there-
of, and said removal was made under her authority, in
good faith, and with care and decency.   A general denial
was filed to the second paragraph of the complaint, and a
second paragraph of answer, to the same effect as the one
above set out.   A demurrer was filed and overruled to each
of the special answers.   As the answers expressly alleged
the ownership of the lot at the date of the trespass to be
in Mrs. Featheringill, and that the act complained of was
done under her authority, we regard them as good on de-
murrer.   The city was not bound to trace Mrs. Featherin-
gill's title to the lot, or show from whom or how she ac-
quired it, whether directly by deed from the appellant, or
not.   Under the averment of title in Mrs. Featheringill,
the appellee could introduce such proof as would sustain
that issue.

The Common Pleas Judge, considering the title to the lot
in question as involved by this paragraph of the answer,
ordered the transfer of the case to the Circuit Court, to
which the plaintiff excepted.   As the act of 1859, page 93,
declares the ruling of the Common Pleas Court on the trans-
fer of a case final, we do not discuss this error assigned.

The defendant, at a subsequent term of the Circuit Court,
by leave, filed an additional paragraph, alleging a compro-
mise with the plaintiff of the cause of action before suit
brought.   A demurrer was overruled to this paragraph.
As the plaintiff recovered in the action, and this paragraph
could in no way reduce his damages, we do not see that
any harm could have resulted from this ruling of the court.
If there was error it could not reverse the case.   The same
remark will apply to the admission on the trial of proof of
a contract with the wife of the plaintiff to compromise the
cause of action.   The finding of the jury was against any
such contract, and the admission of the evidence could have
resulted in no injury to the plaintiff.

There are objections made to several of the charges given
by the court to the jury, but as the charges as given by the

court are not stated in the abstract, as required by our rule, we do not examine them. The finding was for plaintiff, with one cent damages. There was proof that two years before the cause of action occurred, the plaintiff having years before removed from the city of New Albany, the city did, in fact, under a mistake, sell and convey to Featheringill the lot theretofore sold to the plaintiff; and that when about to inter a corpse in said lot at the request of said purchaser, the sexton discovered the box containing the remains of plaintiff's child, and carefully removed the box and placed it in a place set apart for single graves. It was also in proof that the plaintiff had no knowledge of this until he sent his wife to New Albany to remove the body of his child to Madison, the place of his present residence. There were no special damages shown or expenses incurred, and we do not feel at liberty to disturb the finding of the jury which gave the appellant nominal damages.

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Brown*, for appellant.

*G. V. Howk* and *R. M. Weir*, for appellee.