(69 South. 858)

No. 20099.

LEATHERS v. ODD FELLOWS' REST.

(Oct. 18, 1915.)

*(Syllabus by the Court.)*

CEMETERIES ⬡⟶21—DAMAGES FOR DISINTERMENT—BURDEN OF PROOF.

The burden of proof is on the plaintiff.

[Ed. Note.—For other cases, see Cemeteries, Cent. Dig. § 23; Dec. Dig. ⬡⟶21.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Bowling S. Leathers against the Odd Fellows' Rest. From judgment dismissing plaintiff's suit, she appeals. Affirmed.

Robert J. Perkins, Zachary Adler, and Clifford D. Hays, all of New Orleans, for appellant. Woodville & Woodville, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff alleges herself to be separate in property from her husband, and that she is the owner of a burial plot, measuring six by nine feet, in the cemetery of defendant; that she had become the owner of the said property on October 11, 1912, for the purpose of burying a colored servant therein, with the express intention of making the same use of the lot for herself and husband, that they might "lie in the same grave, so that even in death they would not be separated"; that on the day following, October 12th, the said colored servant was buried in the place indicated, which was on Saturday; that on the following Monday morning the defendant, through its agents, trespassed "upon the property of your petitioner" and illegally and wantonly removed the body of the colored servant to a neighboring cemetery, and placed it in a grave in which the petitioner has no right, title, or interest; that such illegal act on the part of defendant's agents caused "petitioner great mental anguish and pain; that petitioner has greatly suffered through the illegal acts of the defendant, and has sustained a severe nervous shock by the acts of defendant in removing the said body, and on account of said suffering, physical and mental, she has been damaged in the full sum of $10,000, which she is entitled to recover from defendant; that petitioner expended $176 for the burial of Harriet Blake, all to no purpose now, a useless expense, caused by defendant's illegal, willful act and violation of petitioner's rights, which sum petitioner is also entitled to recover from defendant."

She prayed for a mandatory injunction, requiring the defendant to replace the body of Harriet Blake in the Odd Fellows' Rest Cemetery in petitioner's lot, or that the defendant be enjoined from preventing or interfering with her in placing the body in said lot, and for judgment sounding in damages.

There was judgment dismissing plaintiff's suit, and she has appealed.

Plaintiff does not hold a formal title to the

plot of ground over which this controversy has arisen; she paid $25 on account of the purchase price, and was to have paid the remaining $25 within 60 days. She therefore had no title to the property. Had title been issued to her, there would have been no question as to the right of burying a colored person in the lot, for the title distinctly recites:

"The lot of land shall not be used for any other purpose than as a place of burial for only white people and of good character."

But plaintiff, who is a white person, represents and testifies that she informed the agent of defendant that the lot was to be used as a burial place for a colored servant, and she claims the right to use it for such purpose. The secretary of the defendant, with whom the transaction was had, testified that he was not informed that the servant referred to was a colored person; that he supposed that she was a white woman; that he could not have, and would not have, sold the lot for the purpose of burying a colored person therein; and that plaintiff consented to the removal of the body.

The testimony in the case on behalf of the respective parties is totally irreconcilable. The trial judge, who saw and heard the witnesses, was of the opinion that plaintiff had failed to make out her case with legal certainty, and his finding will not be disturbed.

The body of the colored woman was removed by the defendant on Monday morning after the burial into an adjoining cemetery, where it may rest in peace; and the removal of the remains from a recently purchased burial plot to another newly purchased lot, in the nature of things, cannot work any great harm or damage to the plaintiff. As regards the severe nervous shock alleged by plaintiff to have been sustained by her, resulting from such removal, she simply testified: "My health has been very bad. I have been very sick from it." This evidence is hardly sufficient upon which to base a judg-

ment for actual damages resulting from the alleged illegal acts of the defendant as set forth in the petition.

Judgment affirmed.