JOHN RODRIGUES PAO *v.* DIAMOND HEAD MEMORIAL PARK ASSOCIATION, LIMITED, AN HAWAIIAN CORPORATION.

No. 2707.

SUBMITTED NOVEMBER 8, 1948.        DECIDED NOVEMBER 22, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE BUCK IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

This is an action for general damages proximately resulting from a wrongful act, the complaint alleging that

the defendant "dug and disinterred the body of the plaintiff's father" after due interment in the plaintiff's burial lot within the cemetery belonging to the defendant. The action was tried, jury waived, and submitted without argument. The circuit court entered judgment against the defendant and awarded the plaintiff damages in the sum of fifty dollars, to which award the plaintiff sued out the instant·writ of error.

The assignment of errors challenges the amount of the award and presents the question whether or not it is grossly inadequate as a matter of law.

The circumstances of the case as established by the undisputed evidence do not prove or tend to prove the alleged digging and disinterment, which is the basis of the plaintiff's cause of action. But this court is not concerned with any variance between the complaint and proof nor is the judgment itself against the defendant on review. Nevertheless, such circumstances do establish a wrongful act and it is deemed the one for which the compensatory damages were awarded. The circumstances setting forth that act and its nature as well as those surrounding it are as follows, briefly stated, together with reasonable inferences drawn therefrom.

The defendant did open the grave of the plaintiff's father, but did not dig out or disinter the body. Although apparently having proper authority to open the grave of the wife of a third party, the defendant admittedly did not have proper authority to open the grave of the plaintiff's father, nor did it have the consent of, or give due notice to, the plaintiff, the legal owner of a perpetual license to the burial lot. The opening resulted from a dispute between the defendant and the third party over the location of his wife's grave, the dispute arising out of the defendant's negligence in keeping its cemetery records of that grave. To open the grave of the plaintiff's father

under these circumstances was wrongful, constituting as it did a trespass and an illegal invasion of the plaintiff's property rights, but it was not malicious where, as here, there was no monument marking the grave and one of its purposes was to allay an apprehension expressed by the plaintiff to the defendant that because of "the mixup with the plots" the third party would molest members of the plaintiff's family who from time to time visited his father's grave.

The grave of the plaintiff's father was opened by the defendant at about eight o'clock in the morning. It was performed in à decent, respectful and dignified manner. The earth over the coffin was removed and the section of its outer cover raised at the head portion so that the face of the corpse could be viewed through a glass window in the inner cover. Immediately after identification the outer cover was replaced and the grave refilled: The coffin itself was not lifted or moved nor was the body in any way disturbed. The plaintiff's sister and brother, the third party, two police officers and others were present, but not the plaintiff.

The question presented is one of the inadequacy of the award to compensate for the damages claimed to have been actually sustained as a result of the defendant's wrongful act. Before that question can be adjudicated, it is axiomatic that actual damages must appear greater in amount than that of the compensatory damages awarded, otherwise no judicable question would arise on appellate review. It is therefore necessary to ascertain first the sufficiency of the evidence of actual damages. That evidence in this case is confined to the testimony of the plaintiff.

The plaintiff did not aver or prove any punitive, special, or property damages, nor is there any question of nominal damages involved in this case. He pleads general and

personal damages only, alleging that he "has suffered and has continued to suffer great damage and mental suffering." He purported to prove such damages by testifying that on learning of the defendant's wrongful act he collapsed, suffered a nervous breakdown, stayed in bed for a week and continues to suffer from his nervous breakdown. But this subjective testimony was not corroborated nor was any medical testimony offered to prove the extent of any actual damages sustained. Furthermore, he did not attempt to prove any pecuniary loss resulting from the defendant's wrongful act, admitting that he had often stayed away from work, had been nervous, had had many surgical operations and had been under a doctor's care before the grave was opened.

The amount recoverable is thus left in doubt by the evidence which, taken in a light most favorable to the plaintiff, does not afford any basis for measuring his actual damages with certainty nor does any appear in the record. Hence the evidence of actual damages is not sufficient as a matter of law to give rise to a judicable question of inadequate compensatory damages. This court, therefore, is in no position to say that the damages evidenced palpably exceeds those awarded, nor can it say that the amount of the award is shockingly small or in any way disproportionate or arrived at from any improper or corrupt motives, the exception to the general rule against disturbing on appellate review a finding of the amount of damages where the ground is that of excessive damages (*Ward* v. *I. I. S. N. Co.*, 22 Haw. 488; *Tsuruoka* v. *Lukens*, 32 Haw. 263; *Vasconcellos* v. *Juarez*, 37 Haw. 364) being substantially the same as where the ground is that of inadequate damages. (*Ulrich* v. *Kiefer* [Mo. App.], 90 S. W. [2d] 140; *Strange* v. *Ardison* [Mo. App.], 65 S. W. [2d] 115; *Leavitt* v. *Dow*, 105 Me. 50, 72 Atl. 735, 17 Ann. Cas. 1072 and note; 5 C. J. S. § 1650, p. 640, § 1632, p. 658.) Nothing more

274

need be said, but see the comparable cases of *Leathers* v. *Odd Fellows' Rest*, 69 So. 858, and *Hamilton* v. *The City of New Albany*, 30 Ind. 482.

Judgment affirmed.

*C. B. Dwight* for plaintiff in error.

*J. Wiig* for defendant in error.