Daniel **NAUGHGLE** (Defendant and Counterclaimant below), Barbara Naughgle, Thomas Naughgle, II, and Steven Naughgle (Plaintiff-Intervenors below), Appellants,

v.

**FEENEY–HORNAK SHADELAND MORTUARY, INC.,** (Plaintiff and Counter Defendant and Defendant by Intervention, below), Appellee.

No. 49A02–8603–CV–96.

Court of Appeals of Indiana, First District.

Oct. 28, 1986.

Rehearing Denied Dec. 16, 1986.

Gregory A. Young, Larry A. Minnix, Cohen Malad & Hahn, Indianapolis, for appellants.

Danford R. Due, Catharine H. Stewart, Stewart Reeder Due & Miller, Indianapolis, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Naughgle family appeals the trial court's granting of summary judgment in favor of Feeney-Hornak Shadeland Mortuary, Inc. on the Naughgles' claim for emotional distress and the tort of outrage. We affirm.

## FACTS

On September 1, 1984, Thomas Naughgle, Sr. died. Shortly thereafter, Daniel Naughgle, the deceased's son, made arrangements with Feeney-Hornak Shadeland Mortuary, Inc. (Feeney-Hornak) for the burial preparations and funeral of his father. Feeney-Hornak embalmed and prepared the body for viewing, provided the casket and viewing room, assisted in obtaining a burial plot, and transported the body for burial.

The Naughgles allege that at the private family viewing on September 4, 1984, they were "shocked and distressed by the grotesque and distorted facial features of the deceased, Thomas Naughgle, Sr., attributable to severe swelling." Record at 30, 76. The family confronted Michael Feeney, an employee of Feeney-Hornak, who assured them the situation was normal. Aware of the swelling problem, the Naughgles proceeded with an open-casket viewing of the body on September 4th, 5th, and 6th.

On December 7, 1984, Feeney-Hornak filed suit against Daniel for monies owed for goods and services rendered for the funeral. Daniel filed a counterclaim against Feeney-Hornak on March 8, 1985, for tortious breach of contract resulting in the infliction of emotional distress and for outrageous conduct in caring for the body of the deceased. Daniel claimed that as a result of the public viewing he and his family suffered shock, distress, humiliation, embarrassment, and mental anguish. On July 8, 1985, Feeney-Hornak filed a motion for summary judgment on Daniel's counter-claim. On August 21, 1985, Barbara Naughgle, widow of the deceased, along with her two other sons filed a motion to intervene as plaintiff-intervenors in this action. Their complaint was virtually identical to Daniel's counterclaim. Daniel and the other Naughgles admitted that their claim did not result from or manifest itself in any physical injury. On October 8, 1985, and January 27, 1986, the trial court granted summary judgment against Daniel and the Naughgle family respectively.

Thereafter, the Naughgles, collectively, perfected this appeal.

## ISSUE

Whether the trial court erred in granting Feeney-Hornak's motion for summary judgment.

    a. Whether there was an invasion of a legal right to support the Naughgles claim for mental anguish absent any physical harm.

    b. Whether the trial court erred in failing to address the Naughgles claim based on the tort of outrage.

## DISCUSSION AND DECISION

*Issue One*

Summary judgment is a procedure for applying the law to facts when no factual controversy exists. *Poxon v. General Motors Acceptance Corp.* (1980), Ind.App., 407 N.E.2d 1181, 1183. The trial court should grant summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Indiana Rules of Civil Procedure, Trial Rule 56(C). *See also Moll v. South Central Solar Systems, Inc.* (1981), Ind. App., 419 N.E.2d 154, 159; *Kendrick Memorial Hospital, Inc. v. Totten* (1980), Ind. App., 408 N.E.2d 130, 131. On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger* (1982), Ind.App., 433 N.E.2d 39, 42, *trans. denied; Richardson v. Citizens Gas and Coke Utility* (1981), Ind.App., 422 N.E.2d 704, 710. We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P and B Corp.* (1979), 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v.*

*Borst* (1982), Ind.App., 431 N.E.2d 161, 165, *trans. denied; English Coal Co., Inc. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 303, *trans. denied.* Only where there is no dispute as to the material facts or the inferences to be drawn therefrom, and the moving party is entitled to summary judgment as a matter of law, may the court grant such a motion.

The general rule in Indiana is that a person can recover damages for mental anguish only when it is accompanied by, and results from, a physical injury. *Baker v. American States Insurance Co.* (1981), Ind.App., 428 N.E.2d 1342, 1349, *trans. denied; Indiana Motorcycle Association v. Hudson* (1980), Ind.App., 399 N.E.2d 775, 779; *Kaletha v. Bortz Elevator Co., Inc.* (1978), 178 Ind.App. 654, 657, 383 N.E.2d 1071, 1074; *Charlie Stuart Oldsmobile, Inc. v. Smith* (1976), 171 Ind.App., 315, 325, 357 N.E.2d 247, 253, *modified on rehearing* (1977), 175 Ind.App. 1, 369 N.E.2d 947, *trans. denied.* Fearing a flood of fictitious claims with the potential for unlimited liability, courts have been reluctant to award such damages. *Charlie Stuart*, at 325, 357 N.E.2d at 253. There is, however, an exception to the general rule:

> "Indiana courts have awarded compensatory damages for mental anguish unaccompanied by a physical injury in certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance. False imprisonment and assault actions are examples of instances in which a disagreeable emotional experience would normally be expected to be inextricably interwined with the nature of the deliberate wrong committed, thereby lending credence to a claim for mental disturbance. The conduct of the defendant in such circumstances is characterized as being willful, callous, or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension."

*Id.* at 327, 357 N.E.2d at 254. The Naughgles admit that they did not suffer any

physical injury but assert that their claim falls under this exception.

 There was no invasion of a legal right of the Naughgles. Indiana cases which permit recovery for mental anguish as an element of compensatory damages in an action for injury to personal property do so only where the act occasioning the injury was inspired by fraud, malice, or like motives, involving intentional conduct. *Id.* at 328, 357 N.E.2d at 254. An intentional injury occurs when an act is done for the purpose of causing the injury or with knowledge that the injury is substantially certain to follow. *Kaletha,* 178 Ind.App. at 658, 383 N.E.2d at 1074. Citing *Renihan v. Wright* (1890), 125 Ind. 536, 25 N.E. 822, the Naughgles assert that they were denied the legal right to the custody of the deceased's body in order to decently bury it. However, there is no evidence to support this assertion that the Naughgles were denied the right to exercise control over the body or the burial procedures. While the Naughgles argue that Michael Feeney fraudulently assured them the distorted facial features were normal, there is no evidence that Feeney-Hornak ever led them to believe this condition would change. The Naughgles saw the body prior to the public viewing but did not choose to have the casket closed. Instead, they proceeded with a public viewing of the body over the next three days. The Naughgles have failed to demonstrate or allege any intentional acts on the part of Feeney-Hornak that invaded their legal rights and thereby excepted them from the general rule prohibiting recovery for mental anguish absent physical injury. There are no material facts at issue and the law is with Feeney-Hornak. Therefore, the trial court correctly granted Feeney-Hornak's motion for summary judgment.

 The Naughgles further argue that the trial court erred in granting summary judgment because it did not address their claim for tortious outrage. Citing *Kaletha* and caselaw from other states, the Naughgles argue that Indiana recognizes the tort of outrage. However, we need not decide that issue. As this court stated in *Kaletha,* "We cannot countenance the award of damages for mental anguish without a showing that the injury was inspired by fraud, malice, or like motives, involving intentional conduct." *Kaletha,* 178 Ind. App. at 658, 383 N.E.2d at 1074. Thus, whether or not we recognize the tort of outrage, it is clear damages will be awarded only where it is shown the injury resulted from intentional, outrageous infliction of mental suffering. In the present case, there is no evidence that Feeney-Hornak acted in an intentionally malicious manner. There is no merit to this claim and, therefore, the trial court did not err in granting summary judgment in Feeney-Hornak's favor.

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.