**Bennett F. OLSSON and Janet Lou Olsson**

v.

**A.O. SMITH HARVESTORE PRODUCTS, INC.**

**No. IP 82–1888–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

March 27, 1987.

Vernon J. Petri, Michael L. Hanley, Vernon J. Petri, P.C., Indianapolis, Ind., John R. Elrod, Elrod & Lee, Siloam Springs, Ark., for plaintiffs.

Steven C. Eggimann, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Minn., Donald E. Egan, Lee Ann Watson, Matthew B. Schiff, Katten, Muchin, Zavis, Pearl, Greenberger & Galler, Chicago, Ill., Alan H. Lobley, Karen Love, Ice Miller Donadio & Ryan, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

This matter is before the Court upon the defendant's motion for judgment notwithstanding the verdict or, alternatively, for a new trial or remittitur. The Court has carefully considered the motion, the memorandums of law and the arguments of counsel. The Court finds that the defendant's motion for judgment notwithstanding the verdict must be denied. Additionally, the Court finds that the defendant's motion for a new trial must be denied on the condition that the plaintiffs file a remittitur in the amount of $1,833,000.00 within thirty days of the date of this order.

On September 21, 1982, the plaintiffs, Bennett F. Olsson and Janet Lou Olsson, filed this diversity suit against the defendant, A.O. Smith Harvestore Products, Inc. ("AOSHPI"). The Olssons sought compensatory and punitive damages for AOSHPI's alleged fraud and breach of express warranties in connection with the sale of a Harvestore System. A jury trial commenced on October 22, 1986. On November 18, 1986, the jury returned a verdict against AOSHPI and awarded the Olssons a total of $2,393,000.00 in damages. On the fraud count, the jury awarded the Olssons $210,000.00 in compensatory damages for economic loss, $500,000.00 in compensatory damages for mental anguish, and $500,000.00 in punitive damages. On the breach of warranty count, the jury awarded the Olssons $350,000.00 in compensatory damages for economic loss, and $833,000.00 in punitive damages. On November 28, 1986, the defendant filed the instant motion.

The defendant has initially moved for a judgment notwithstanding the verdict pursuant to Fed.R.Civ.P. 50(b). On this motion the issue is whether there is sufficient evidence from which the jury could properly find a verdict for the plaintiffs. In determining whether the evidence is sufficient, the Court may not weigh the evidence or determine credibility; rather, the Court must view the evidence in the light most favorable to the plaintiffs. *See Watts*

*v. Laurent,* 774 F.2d 168, 172 (7th Cir. 1985). The Court, having considered the evidence in this light, is satisfied that the jury's verdict properly established liability on both the fraud and breach of warranty counts. Therefore, the defendant is not entitled to a judgment in its favor.[1]

■ The Court has concluded, however, that the evidence did not support a finding of punitive damages or damages for mental anguish. These damages could have only been awarded in this case upon evidence that the defendant acted maliciously in connection with the sale of the Harvestore System. The evidence, even when viewed in the light most favorable to the plaintiffs, does not support a finding that AOSHPI's conduct was malicious. Two Indiana cases decided since the conclusion of this trial show why the awards for punitive damages and damages for mental anguish in this case cannot stand. In one case the Court reversed the portion of a judgment awarding punitive damages since there was no evidence that the defendant's conduct was malicious. In the other case the Court upheld summary judgment against the plaintiffs' claim of mental anguish since there was no evidence that the defendant acted in an intentionally malicious manner.

In *Martin Chevrolet Sales, Inc. v. Dover,* 501 N.E.2d 1122 (Ind.Ct.App.1986), an automobile purchaser brought an action against an automobile dealer for fraud and breach of warranties after discovering that the automobile he had purchased had been damaged and repaired three times before its purchase. The jury returned a general verdict for the purchaser and against the dealer, awarding $2,500.00 in compensatory damages and $500.00 in punitive damages. The Indiana Court of Appeals held that the dealer's actions did not constitute malicious conduct so as to warrant an award of punitive damages. The Court explained:

> Punitive damages may not be allowed upon evidence that is merely consistent with a hypothesis of fraud. There must

be some evidence of malice. *Orkin Exterminating Co. v. Traina,* 486 N.E.2d 1019 (Ind.1986). 'The defendant, in a claim for punitive damages, is cloaked with the presumption that his actions, though tortious, were nevertheless noniniquitous human failings.' [*Id.* at 1023.]

> While the jury was instructed to apply the clear and convincing standard to determine whether to award punitive damages, it is apparent that the instructions failed to give the required presumption of defendant's innocence. Here, if both the clear and convincing standard and the required presumption of defendant's innocence were applied, no reasonable person could conclude from the evidence that Martin Chevrolet's conduct was so malicious as to warrant an award of punitive damages. While we do not condone Martin Chevrolet's conduct, we must say, as a matter of law, that the quasi-criminal element of malice was not demonstrated by evidence sufficient to meet the clear and convincing standard.

*Martin Chevrolet,* 501 N.E.2d at 1128 (some citations omitted).

In *Naughgle v. Feeney-Hornak Shadeland Mortuary, Inc.,* 498 N.E.2d 1298 (Ind. Ct.App.1986), a funeral home brought an action against a family of the deceased for goods and services rendered for a funeral. The family counterclaimed alleging emotional distress and the tort of outrage. The family alleged that they were "shocked and distressed" by the funeral home's outrageous conduct in caring for the body of the deceased. The Indiana Court of Appeals upheld the trial court's grant of summary judgment in favor of the funeral home. The Court explained that the "general rule in Indiana is that a person can recover damages for mental anguish only when it is accompanied by, and results from a physical injury." *Id.* at 1300. The Court noted that there was an exception to this general rule in actions involving the

---

1. The defendant makes a number of legal arguments in support of its motion for judgment notwithstanding the verdict. These arguments are essentially the same arguments that the defendant raised in its motions for a directed verdict during trial. The Court in denying the motions stated its reasons for the record. *See* Transcript Vol. XI, pp. 97–100. There is no need to reiterate the reasons here.

invasion of a legal right which by its very nature is likely to provoke emotional disturbance. *Id.* "The conduct of the defendant in such circumstances is characterized by being willful, callous or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension." *Id.* (quoting *Charlie Stuart Oldsmobile, Inc. v. Smith,* 171 Ind.App. 315, 327, 357 N.E.2d 247, 254 (1976)). The Court concluded:

> ■t is clear damages will be awarded only where it is shown the injury resulted from intentional, outrageous infliction of mental suffering. In the present case, there is no evidence that Feeney-Hornak acted in an intentionally malicious manner. There is no merit to this claim and, therefore, the trial court did not err in granting summary judgment in Feeney-Hornak's favor.

*Naughgle,* 498 N.E.2d at 1301.

■ These two cases demonstrate that a strong showing of malice is necessary in Indiana to support an award of punitive damages or damages for mental anguish absent physical injury. While AOSHPI's conduct may have been fraudulent, this Court finds that no reasonable person could conclude from the evidence that AOSHPI's conduct was so malicious that it warranted an award of punitive damages or damages for mental anguish.[2]

■ Since the Court has found that the evidence in this case was insufficient to support an award of punitive damages or compensatory damages for mental anguish, the Court concludes that the plaintiffs must file a remittitur of the amount awarded for these damages ($1,833,000.00) or face a new trial. The Court has the authority to cure an excessive verdict either by granting a new trial or by denying a new trial conditioned upon the plaintiffs' filing a remittitur of the excessive portion of the damages. *See* 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2815 at 99–100 (1973). Remit-

titur is preferable to a new trial where, as here, there was sufficient evidence to warrant the jury's finding liability, and a new trial would be lengthy and costly. *See United States v. 47.14 Acres of Land,* 674 F.2d 722, 728 (8th Cir.1982). Furthermore, when verdicts are itemized, as was done in this case, they are particularly susceptible to remittitur since the Court upon further reflection can easily segregate out the elements of damages which should not have gone to the jury. *See Abernathy v. Superior Hardwoods, Inc.,* 704 F.2d 963, 972 (7th Cir.1983); *Durant v. Surety Homes Corp.,* 582 F.2d 1081, 1085–86 (7th Cir. 1978). In this case the punitive damages issue and the mental anguish issue should not have gone to the jury. The plaintiffs must file a remittitur for these damages.

The plaintiffs, however, need not file any remittitur for the compensatory damages for economic loss. The jury awarded the Olssons $210,000.00 in compensatory damages for economic loss on the fraud count and $350,000.00 in compensatory damages for economic loss on the breach of warranty count. Therefore, the total award of compensatory damages for economic loss was $560,000.00. At trial the plaintiffs' expert economist, Terrance C. Parks, testified that the present value of the Olssons' economic loss as of the first day of trial was $558,217.00. *See* Transcript Vol. X, pp. 135–36; Plaintiffs' Exhibits 412–416. Having compared these two figures and examined the relevant exhibits and the Court's instructions, the Court finds that the jury's award of compensatory damages for economic loss was not excessive.

Finally, the defendant contends that it is entitled to an unconditional new trial since alleged misconduct on the part of plaintiffs' attorneys improperly influenced the jury's verdict. The Court recognizes that this was a vigorously fought adversarial trial. The Court, however, does not find that the jury verdict resulted from passion or prejudice. Therefore there is not a sufficient basis for granting an unconditional

---

2. Even if the plaintiffs had been able to prove that AOSHPI acted maliciously, damages for mental anguish could not be awarded since the plaintiffs did not offer at trial any psychiatric testimony or proof that they had sought medical treatment for their mental anguish.

new trial because of attorney misconduct. *See Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233, 1241–42 (5th Cir.), *reh. denied,* 760 F.2d 269 (1985).

In summary, the Court finds that the jury's verdict properly established liability for both fraud and breach of warranty, and that the jury's award of compensatory damages for economic loss was not excessive. However, the Court finds that there was not sufficient evidence submitted at trial to support an award of punitive damages or damages for mental anguish. Therefore the plaintiffs are only entitled to recover a judgment of $560,000.00 and reasonable attorney fees. *See* Ind.Code § 26–1–2–721.

Accordingly, by reason of all of the foregoing, the Court hereby

DENIES defendant's motion for judgment notwithstanding the verdict, and

DENIES defendant's motion for a new trial on the condition that the plaintiffs file a remittitur in the amount of One Million Eight Hundred Thirty-three Thousand and no/100 Dollars ($1,833,000.00) within thirty (30) days of the date of this order.

IT IS SO ORDERED.