**Barbara SCHULER, James A. Reutner, Jean M. White, Plaintiff,**

v.

**POSEY COUNTY, INDIANA, William Elpers, Greg Martin, Randy Thornburg, In Their Individual Capacities as Board of County Commissioners of Posey County, Indiana, Alexander Funeral Homes, Inc., Defendant.**

**No. EV 95–3–C R/H.**

United States District Court, S.D. Indiana, Evansville Division.

March 15, 1996.

Theodore Lockyear, Lockyear & Kornblum, Evansville, IN, for Barbara Schuler, James A. Reutner, and Jean M. White.

Edward J. Liptak, Miller Carson & Boxberger, Bloomington, IN, for Posey County, Indiana, William Elpers, Greg Martin, and Randy Thornburg.

James D. Johnson, Mattingly Rudolph Fine & Porter, Evansville, IN, for Alexander Funeral Homes Inc.

### *ORDER GRANTING SUMMARY JUDGMENT*

BROOKS, District Judge.

This matter comes before the Court on the **Motion For Summary Judgment Of**

---

Defendant, Alexander Funeral Homes, Inc. and Brief In Support Of The Motion For Summary Judgment Of Defendant, Alexander Funeral Homes, Inc. filed June 19, 1995. Defendants, Posey County, Indiana, William Elpers, Greg Martin, And Randy Thornburg's Motion For Summary Judgment and Memorandum Of Law In Support Of Defendants, Posey County, Indiana, William Elpers, Greg Martin, And Randy Thornburg's Motion For Summary Judgment were filed August 1, 1995. Plaintiffs' Memorandum In Opposition To Defendants' Motions For Summary Judgment was filed October 16, 1995. Defendants, Posey County, Indiana, William Elpers, Greg Martin, And Randy Thornburg's Reply In Further Support Of Their Motion For Summary Judgment was filed October 25, 1995, and the Reply In Further Support Of The Motion For Summary Judgment Of Alexander Funeral Homes, Inc. was filed November 9, 1995.

### Statement of Relevant Facts

Unfortunate situations are almost commonplace in this tribunal. Time not spent with wrongful death and personal injury cases is spent dealing with bankruptcies, loss of employment and criminal sentencings. Familiarity, however, does not help to diminish the tragedy of the facts of this case.

On October 27, 1993, a motor vehicle-truck accident in Posey County, Indiana claimed the lives of Stella V. Rice, Lucille A. Lodwig, and Jack Lodwig. (Complaint filed January 9, 1995, paragraph 5, hereinafter "Compl., ¶ ___".)

At the accident scene Posey County Deputy Coroner Roy Bradford and Posey County Sheriff's Deputy Ed Thompson identified the bodies of Stella Rice and Lucille Lodwig by their respective picture identification card and driver's license picture. (Affidavit of Roy Bradford, paragraph 4, hereinafter "Bradford Aff., ¶ ___".) Posey County Coroner Norman Norvell ordered autopsies on the bodies of Ms. Rice and Mrs. Lodwig. (Bradford Aff., ¶ 9; Compl., ¶ 6.)[1] The bod-

ies were removed to the Vanderburgh County Morgue and Deputy Coroner Bradford re-identified them with the assistance of Dr. John Heidingsfelder, Vanderburgh County pathologist. (Bradford Aff., ¶ 5.) Not surprisingly, the autopsies revealed that the decedents died from multiple trauma injuries sustained in the accident. (Compl., ¶ 6.)

On October 28, 1993, Alexander Funeral Homes ("Alexander") in Evansville, Indiana was contacted by Russell Colonial Funeral Home in St. Clair, Missouri concerning the cremation of Jack and Lucille Lodwig. (Affidavit of Cletus Hardin, paragraph 4, hereinafter "Hardin Aff., ¶ ___".) Alexander was contracted to pick up the bodies at Norvell Funeral Home ("Norvell") in Posey County, Indiana, and then transport them to a crematory. (Hardin Aff., ¶ 5; Compl., ¶ 8.) On October 28, 1993, Cletus Hardin, funeral director of Alexander's West Chapel, picked up the two bodies identified as Jack and Lucille Lodwig, transported them to Alexander, and they were ultimately cremated on November 3, 1993. (Hardin Aff., ¶¶ 7–8; Compl., ¶ 8.)[2]

Sometime after the November 3, 1993 cremation, the surviving children of Jack and Lucille Lodwig, Barbara Schuler, James A. Reutner, and Jean M. White (collectively "Plaintiffs"), requested a copy of the autopsy report of their deceased mother and copies of the related photographs. (Compl., ¶ 9.) Sometime in January, 1994, the Posey County Coroner's Office was able to comply with Plaintiffs' request and Plaintiffs discovered for the first time that their mother had been misidentified. (Compl., ¶ 9.) Due to this misidentification Stella Rice was in fact cremated and the body of Lucille Lodwig was transported to and buried in the State of California. (Compl., ¶ 9.)

Plaintiffs bring this action alleging desecration of their mother's burial rights due to the negligence of the Defendants and claim they have suffered severe emotional strain, distress and mental anguish because of it. (Compl., ¶ 10.)

---

1. The record does not reflect whether an autopsy was ordered for Mr. Lodwig.

2. The record is unclear when and how the bodies were transported from the Vanderburgh County Morgue to Norvell.

## Jurisdiction

This Court has jurisdiction to rule on this matter pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as the opposing parties are residents of different states and the amount in controversy is in excess of $50,000, exclusive of interest and costs. Plaintiffs Barbara Schuler and James A. Reutner are citizens and residents of the State of Missouri, and Plaintiff Jean M. White is a citizen and resident of the State of South Carolina. Defendants Posey County, Indiana and Board of Commissioners of Posey County, Indiana, are citizens of the State of Indiana. Defendant Alexander is a corporation duly organized under and by virtue of the laws of the State of Indiana.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391, among other reasons, because a substantial part of the events giving rise to the claim for relief occurred in this judicial district.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Jasper Cabinet Company v. United Steelworkers of America*, 77 F.3d 1025, 1027 (7th Cir.1996).[3]

■ In diversity cases, this Court applies the state law that would be applied in this context by the Indiana Supreme Court. *United States v. Thirty–Seven Photographs*, 402 U.S. 363, 369, 91 S.Ct. 1400, 1404–05, 28 L.Ed.2d 822 (1971); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Clarin Corp. v. Massa-*

*chusetts General Life Ins. Co.*, 44 F.3d 471, 474 (7th Cir.1994); *Fidelity and Guar. Ins. v. Everett I. Brown Co.*, 25 F.3d 484, 486 (7th Cir.1994). Where the state supreme court has not ruled on an issue, decisions of intermediate state courts control unless there are persuasive indications that the highest state court would decide the issue differently. *L.S. Heath & Son v. AT & T Information Sys.*, 9 F.3d 561, 574 (7th Cir.1993) (citing *Hicks v. Feiock*, 485 U.S. 624, 630 n. 3, 108 S.Ct. 1423, 1428 n. 3, 99 L.Ed.2d 721 (1988)); *cf. D'Acquisto v. Washington*, 640 F.Supp. 594, 619 (N.D.Ill.1986) (Federal Court in diversity "is bound only by the decisions of the state Supreme Court and by the direction that court would take, not by the state appellate courts").

■ In Indiana, a plaintiff is entitled to maintain an action to recover damages for negligent infliction of emotional distress when he "sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, . . . without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff." *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind.1991); *Gorman v. I & M Elec. Co., Inc.*, 641 N.E.2d 1288, 1290 (Ind.App.1994). Recent decisions from the Court of Appeals of Indiana confirm that this "modified impact rule", *Gorman*, 641 N.E.2d at 1290, retains the long-standing Indiana requirement that physical impact accompany claims for compensatory damages arising from emotional distress. *See, e.g., Miller v. L.C. May*, 656 N.E.2d 1198, 1200 (Ind.App.

---

**3.** As an obvious derivation of the summary judgment mechanism, this Court's local rules require a movant to file a "Statement of Material Facts," supported by appropriate citations to the record—in addition to the required proposed findings of undisputed fact and conclusions of law. S.D.Ind.L.R. 56.1. In rejoinder the nonmovant should file a "Statement of Genuine Issues," again supported by appropriate citations, listing all material facts to which it is contended that there exists a genuine issue defeating summary judgment. *Id.* As the Seventh Circuit has repeatedly held, this is more than a procedural nicety—the required statements are "roadmaps, and without them the court should not have to

proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994); *Doe v. Cunningham*, 30 F.3d 879, 885 (7th Cir.1994); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453 (7th Cir.1994); *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). In this case all parties have entirely ignored this aspect of Local Rule 56.1 thereby exacerbating a docket situation counsel are quick to criticize but unwilling to help alleviate.

1995) (mistaken identity in obituary proper for summary judgment); *Wayne Tp. Bd. of Sch. Com'rs v. Indiana Ins. Co.,* 650 N.E.2d 1205, 1211 n. 3 (Ind.App.1995) ("In order to recover for emotional injury, one must sustain a physical impact but need not suffer a physical injury."); *Roe v. North Adams Community School Corp.,* 647 N.E.2d 655, 662 (Ind.App.1995) (summary judgment proper where plaintiff failed to allege physical impact); *Gorman,* 641 N.E.2d at 1290 (same holding).

■ In this case it is undisputed that Plaintiffs make no allegations of direct impact. (Compl., ¶¶ 10.) Under *Shuamber* and its progeny, therefore, Plaintiffs are not entitled to recovery and Defendants are entitled to Judgment as a matter of law.

Although Plaintiffs direct this Court to several Indiana Supreme Court burial rights protection cases, *see, e.g., Meek v. State,* 205 Ind. 102, 185 N.E. 899 (1933); *Orr v. Dayton & Muncie Traction Co.,* 178 Ind. 40, 96 N.E. 462 (1911); *Hamilton v. City of New Albany,* 30 Ind. 482 (1868), these cases are either factually distinguishable or of limited authority. In *Meek v. State,* a criminal case, Ralph Meek mailed a widow letters threatening to move or otherwise desecrate her dead husband's buried remains. 205 Ind. at 104, 185 N.E. at 900. The Supreme Court of Indiana upheld his conviction for blackmail predicated upon the fact that the "mental pain, anguish, and suffering" by the widow was sufficient "injury to the person" to satisfy the crime's *actus reus* requirements. 205 Ind. at 106, 185 N.E. at 901. *Orr v. Dayton and Muncie Traction Co.,* was actually an action for breach of contract. *Orr* filed claim where an earth-moving contractor excavated property adjacent to a cemetery and, contrary to contract, deprived the cemetery lot of lateral support. 178 Ind. at 44, 96 N.E. at 463. Only in dicta did the Supreme Court of Indiana espouse the rights afforded the dead. 178 Ind. at 46–47, 96 N.E. at 464–65. Finally, *Hamilton v. The City of New Albany,* while factually similar, is of limited authority. The plaintiff there contested the transfer of his child's body from one grave to the next. 30 Ind. at 485. While the *Hamilton* plaintiff indeed prevailed, the jury awarded only one cent in damages. *Id.* On appeal the Supreme Court of Indiana did not address burial rights, but merely held: "There were no special damages shown or expenses incurred, and we do not feel at liberty to disturb the findings of the jury which gave the appellant nominal damages." *Id.*

Beyond factual distinctions, the more recent cases clearly state Indiana's position on recovery of damages for emotional trauma: Indiana requires physical impact prior to recovery. *See, e.g., Shuamber,* 579 N.E.2d at 456; *Miller,* 656 N.E.2d at 1200; *Wayne Tp. Bd. of Sch. Com'rs,* 650 N.E.2d at 1211 n. 3; *Roe,* 647 N.E.2d at 662; *Gorman,* 641 N.E.2d at 1290. Specifically, a more recent burial rights case in Indiana instructively followed governing emotional trauma law. In *Naughgle v. Feeney–Hornak Shadeland Mortuary,* 498 N.E.2d 1298 (Ind.App.1986), the plaintiffs were "shocked and distressed by the grotesque and distorted facial features of the deceased" at a public viewing caused by the negligence of the funeral director. 498 N.E.2d at 1299. The *Naughgle* court applied the applicable emotional trauma law, admittedly pre-*Shaumber,* without reference to the policy issues proffered here by Plaintiffs. 498 N.E.2d at 1301. This Court, therefore, will not anticipate a reversion in Indiana case law to dated policies where more recent and more precise legal standards are available.

Moreover, Plaintiffs urge this Court to follow the reasoning of *Brown v. Matthews Mortuary, Inc.,* 118 Idaho 830, 801 P.2d 37 (1990) where the Idaho Supreme Court upheld emotional distress damages awarded for the negligent cremation of the wrong body. The *Brown* court adopted the reasoning of the Restatement (Second) of Torts calling for recovery through virtually any negligence theory involving a corpse. 801 P.2d at 43–44. This position is entirely inapposite with emotional trauma law in Indiana. The *Shuamber* breakthrough served to modify Indiana's long-standing physical injury requirement, *see, e.g., Boston v. Chesapeake & O. Ry.,* 223 Ind. 425, 61 N.E.2d 326, 327 (1945), to merely require physical impact. 579 N.E.2d at 456. This Court may not further abrogate that rule here, but must follow the controlling law in Indiana. *See Thirty–Seven Photographs,*

402 U.S. at 369, 91 S.Ct. at 1404–5; *Clarin Corp.*, 44 F.3d at 474; *L.S. Heath & Son,* 9 F.3d at 574. Summary judgment is therefore warranted in favor of all defendants and against the Plaintiffs.[4]

The Court, in light of the foregoing as well as the relevant and applicable case and statutory law, hereby **GRANTS** the **Motion For Summary Judgment Of Defendant, Alexander Funeral Homes, Inc.** and further **GRANTS Defendants, Posey County, Indiana, William Elpers, Greg Martin, And Randy Thornburg's Motion For Summary Judgment.**

This is a final Judgment.

**IT IS SO ORDERED.**

---

**4.** *Defendants Posey County, Indiana, William Elpers, Greg Martin, and Randy Thornburg alternatively argue for summary judgment on the grounds that they are immune pursuant to statute. The Indiana Torts Claims act affords immunity for any "misrepresentation if unintentional,"* I.C. § 34–4–16.5–3(13), and Indiana Code § 36–2–14–13 affords immunity to a medical examiner performing an autopsy. Neither statute will be discussed here because there simply is nothing from which to be immune.