THE TERRE HAUTE UNION TRANSFER AND STORAGE COMPANY *v.* PICKETT.

[No. 15,791. Filed June 28, 1938. Rehearing denied October 7, 1938. Transfer denied December 30, 1938.]

*Robinson, Symmes & Melson, Rawley & Stewart, Frank Hamilton,* and *Owen S. Boling,* for appellant.

*Craig & Craig, Edward H. Knight,* and *Duffy & Kincaid,* for appellee.

LAYMON, J.—This is an appeal from a judgment awarding appellee damages for personal injuries sustained in a collision between an automobile driven by appellee and appellant's truck which was parked on a street in the city of Terre Haute, Ind. That part of the complaint, so far as is necessary to be set out, charged:

"That on said April 24, 1935, at about 7 o'clock p. m., the said defendant parked one of its said motor trucks which was en route from the city of Terre Haute, Indiana, to Chicago, Illinois, on said North Fifteenth Street, parallel with and about three feet from the east curbing of said street, and in front of the premises commonly known as '333 North Fifteenth Street.' That the make and model of said truck is unknown to this plaintiff. That said motor truck was loaded with steel or iron beams, which protruded out of the rear of said truck for about eight feet.

"That on said April 24, 1935, about 7 o'clock p. m., said plaintiff was operating at about 15 miles per hour a Chevrolet sedan motor vehicle north on said street and parallel with the east curb of said street and about eight feet east of said curbing.

"That said plaintiff's vehicle was equipped with and had burning headlights as provided by law. That due to the carelessness and negligence of said defendant, as hereinafter set out, said plaintiff's motor vehicle struck said steel and/or iron beams protruding from said defendant's truck, the said beams going through the windshield of plaintiff's motor vehicle and striking said plaintiff about his face, head and shoulders, his face being cut and disfigured, his scalp and ears cut, his back bruised and twisted, and his body strained and bruised, all to plaintiff's damage in the sum of $7,500.

"That plaintiff's injuries were caused solely by said defendant's negligence and carelessness, in that said defendant carelessly and negligently failed to have burning any tail light and/or flares as provided by law, and carelessly and negligently failed to give any warning of its truck being parked in the dark and carelessly and negligently parked said truck so that others using said street could not safely get around said truck, and carelessly and negligently left protruding from said truck iron and/or steel beams without any light or warning."

Appellant unsuccessfully demurred to the complaint for insufficient facts and then filed an answer in general denial. The cause was tried by the court with the intervention of a jury, resulting in a verdict in favor of appellee in the sum of $3,000. In due time appellant filed a motion for a new trial, which was overruled, and judgment was rendered in accordance with the verdict. The errors assigned are the overruling of the demurrer to the complaint and the overruling of the motion for a new trial. The causes set out in the motion for a new trial are substantially: That the verdict is not sustained by sufficient evidence; that the amount of the damages awarded is excessive; error of the court in the giving of each of certain instructions tendered by appellee,

each of certain instructions given by the court upon its own motion, and the refusal to give each of certain instructions tendered by appellant; and error in refusing to withdraw the submission of the cause on account of the alleged misconduct of counsel.

In support of the demurrer for want of facts, in that part of its brief devoted to Propositions, Points and Authorities, appellant has urged: (1) That the complaint does not allege facts showing any unlawful or negligent act upon the part of appellant; (2) that the complaint fails to show that any alleged act on the part of appellant was the proximate cause of appellee's injury; and (3) that the facts alleged show that appellee was guilty of contributory negligence.

The appellant did not present to the trial court a motion to make the complaint more specific and that the pleader be required to state the facts necessary to sustain the conclusions of fact contained therein as provided by section 2-1005 Burns 1933, §155 Baldwin's 1934. In the absence of such motion all objections on account of the pleading of conclusions of fact are waived. *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409; *C. C. C. & St. L. Ry. Co.* v. *Gillespie* (1933), 96 Ind. App. 535, 173 N. E. 708.

In determining the sufficiency of a pleading, we must keep in mind the provision of the Code of Civil Procedure, that "the complaint shall contain . . . 2. A statement of the facts constituting the cause of action, in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." Sec. 2-1004 Burns 1933, §110 Baldwin's 1934.

It is a settled rule, in this state, that in determining the sufficiency of a pleading, the court will not only consider the fact directly alleged, but, in addition thereto, such facts as may be implied by fair and reasonable intendment, and such facts, so im-

pliedly averred, will be given the same force as if directly stated. *James* v. *State Life Ins. Co.* (1925), 83 Ind. App. 344, 147 N. E. 533, and cases therein cited.

Construing the complaint in the instant case in the light of our Code and the rule above stated, appellee evidently attempted, by the several allegations of his complaint, to charge the violation of the following sections of the statute: Sec. 47-505 Burns 1933, §11158 Baldwin's 1934, which provides that when any motor vehicle is parked or left standing in the street of any city or incorporated town, a rear light shall be kept burning at all times during the period from one-half hour after sunset to one-half hour before sunrise. Sec. 47-531 Burns 1933, §11205 Baldwin's 1934, which provides that whenever the load on any vehicle operated or moved upon any public highway shall extend more than four feet beyond the rear of the bed or body thereof, there shall be displayed at the end of such load in such position as to be visible at all times from the rear of such load a red flag not less than twelve inches both in length and width, and between one-half hour after sunset and one-half hour before sunrise there shall be displayed at the end of any such load a red light plainly visible under normal atmospheric conditions at least two hundred feet from the rear of such vehicle. It is not necessary to aver directly the violation of any statute to permit proof of such fact, where sufficient facts are pleaded to make such a theory relevant.

Appellant insists that the complaint fails to allege any duty on the part of appellant to comply with the provisions of the statute requiring lights and flares, because it is not shown that the collision occurred between one-half hour after sunset and one-half hour before sunrise. The complaint alleged "that on said April 24, 1935, at *about* 7 o'clock p. m., . . . said defendant carelessly and negligently failed to have burning any tail light and/or flares as provided by law, . . . and

carelessly and negligently left protruding from said truck iron and/or steel beams without any light or warning." (Our italics.)

The pleading cannot be commended, but, as against the demurrer, we think the complaint sufficiently charges a violation of the above statutes. The exact time of the collision is not averred, but the complaint charges facts sufficient to permit proof that the accident occurred later than one-half hour after sunset on the day in question.

The remaining contentions of appellant urged by its demurrer—that the complaint fails to show that any alleged act of appellant was the proximate cause of the injury complained of and that it affirmatively appears that appellee was guilty of contributory negligence—are wholly without merit. It is charged that appellant's truck was loaded with steel beams projecting 8 feet from the rear end thereof, that the truck was parked in the dark, and without any lights being placed on the rear or on such steel beams as required by the statute, that the truck was parked about 3 feet from the curb on the east side of a paved street 22 feet in width, that appellant failed to take the necessary precautions, as by law required, to prevent a possible collision therewith, and that by reason of these facts appellee came in contact with such protruding steel beams, whereby he was injured. These facts sufficiently disclose that the alleged acts of appellant were the proximate cause of the injury.

It may further be pointed out that while it is true that we must look solely to the allegations of the pleading in determining whether a pleading is sufficient to withstand a demurrer and cannot look to the evidence, however, ". . . when a cause has been appealed to this court after trial, and where the evidence is in the record, we are required to do more than

decide that the action of the court in overruling a demurrer was error. We must then determine whether, in view of the whole record, the ruling, though erroneous, was prejudicial to the adverse party. In deciding this question, we may look to the evidence, and to other parts of the record, and, if it affirmatively appears from the whole record that the erroneous ruling did not prejudice the adverse party, and that the case was fairly tried and determined on its merits, it is our duty to affirm regardless of such error." *Pittsburgh, etc., R. Co.* v. *Rushton* (1929), 90 Ind. App. 227, 237, 148 N. E. 337, 149 N. E. 652; *Vulcan Iron, etc., Co.* v. *Electro, etc., Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307.

The record discloses that appellant offered no objections in the trial of the cause to the evidence submitted by appellee upon the theory that the statutes had been violated, and, furthermore, appellant tendered instructions which specifically dealt with and applied to the duties of both appellant and appellee under the facts in issue and as proven relative to the compliance with the several statutes respecting lights on the truck, on the projecting steel beams, and on appellee's car. It clearly appears from the entire record that the cause was fairly tried and determined on the merits.

The principal criticism urged to each of the instructions given was that they authorized a recovery upon an insufficient pleading. Our discussion of this objection is unnecessary in view of the conclusion we have heretofore reached upon the ruling on the demurrer to the complaint. The instructions tendered by appellant and refused by the trial court, of which appellant complains, were covered by other instructions given, and it was not error to refuse them.

Appellant urges a reversal of the judgment of the trial court because of the alleged misconduct of counsel for appelle in making certain statements during the

progress of the trial within the hearing of the jury. Our examination of these statements fails to disclose any prejudicial error.

In challenging the sufficiency of the evidence appellant contends that appellee was guilty of contributory negligence because he could not and did not see appellant's truck; that it was the driver's duty, under the law, to have lights that would enable him to see any person or object on the highway straight ahead of such motor vehicle for a distance of 200 feet. It appears from the evidence most favorable to the appellee that the steel rods projected approximately 8 feet out of the rear of the truck at a considerable height above the surface of the street, and without any light thereon. Such an object at night, and without any light thereon, would be most difficult to see. It is not a strained construction of the statute (§47-504 Burns 1933, §11154 Baldwin's 1934) to say that it was not intended to apply to such unusual conditions and circumstances as here confronted appellee as he approached the truck.

Complaint is made that the damages are excessive. There is ample evidence to refute this contention and also to sustain the verdict.

No reversible error having been shown, the judgment is affirmed.