**CAPITOL NEON SIGNS, INC., et al., Appellants (Defendants Below),**

v.

**INDIANA NATIONAL BANK, Appellee (Plaintiff Below).**

**No. 4–1185A305.**

Court of Appeals of Indiana, Fourth District.

Dec. 16, 1986.

L. Craig Turner, Joseph F. Quill, Indianapolis, for appellants.

Paul J. Dunne, Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendants-Appellants, Capitol Neon Signs, Inc. (CNSI) *et al.*, appeal the trial court's grant of plaintiff-appellee Indiana National Bank's (INB) motion to correct error and order for a new trial.

We affirm.

## ISSUE

This appeal presents one issue, namely, whether the trial court erred in finding INB's complaint had sufficiently alleged a demand for payment.

## FACTS

On May 27, 1975, Eugene Ellwood Painter, Opal C. Painter, Eugene Evan Painter, and Beverly L. Painter, executed guarantees of payment of all of CNSI's notes, bills, drafts, commercial paper, and other obligations upon which INB was the obligee up to the maximum amount of $95,000. On February 15, 1979, a demand master promissory note was executed between INB and CNSI for $49,000. This suit was initiated on September 9, 1983, when INB filed its complaint against CNSI.

On March 12, 1985, CNSI filed a motion in limine requesting the court limit INB to its allegation of the default terms of the note without reference to whether the defendants did in fact default.[1] This motion was based on INB's complaint which CNSI claimed did not allege it had defaulted on its payment. During trial, the court orally overruled this motion.

Trial was held February 13, 1985, and on July 16, 1985, the court ruled INB's complaint was insufficient, noting it failed to allege demand for payment and nonpayment. The court also found CNSI's motion in limine should have been granted in all respects. Also, the court held all testimony and evidence of demand and default should have been excluded from the record.

---

1. The trial court erred when it granted CNSI's motion in limine. Such motion has no place in a court trial. *Baldwin v. InterCity Contractors Service, Inc.* (1973), 156 Ind.App. 497, 297 N.E.2d 831, 832. In *Baldwin,* Judge Staton speaking for the Third District said

> A "motion in limine" has no place or use in this setting. *Its use is limited to the jury trial.* Secondly, this court has held that the "motion in limine" has a very restricted use which flows from the trial court's inherent power.

> *This restricted use is to exclude prejudicial matters.* The exclusion by the trial court may encompass both prejudicial and irrelevant matter, but the primary purpose for granting the motion must be that the matter excluded would be prejudicial to the moving party. *Burrus v. Silhavy* (1973), [155] Ind.App., [558], 293 N.E.2d 794. (Emphasis in original).

*Baldwin,* 297 N.E.2d at 834. This was another valid reason for the trial court's grant of a new trial to INB.

On October 1, 1985, the trial court granted INB's motion to correct errors and ordered a new trial. From this rule CNSI now appeals.

Prior to this decision, we remanded this case to the trial court and ordered it to set out specific reasons pursuant to Ind.Rules of Procedure, Trial Rule 59(J) (7) why a new trial was granted. Thereafter, the trial court entered special findings of fact on October 21, 1986.

## DISCUSSION AND DECISION

 A trial court's action in granting a new trial is given a strong presumption of correctness. In reviewing such action we examine the record to determine only whether (1) the trial court abused its discretion; (2) a flagrant injustice has been done; or (3) a very strong case for relief from the new trial order has been made by appellant. *Stanley v. Kelley* (1981), Ind.App., 417 N.E.2d 1145, 1147, citing *Memorial Hospital v. Scott* (1973), 261 Ind. 27, 300 N.E.2d 50, 53, opinion after remand reported at 422 N.E.2d 663, *trans. denied.*

The resolution of this dispute turns on whether a claim of default may be inferred from INB's complaint. Trial Rule 8(A) governs what a complaint must contain. It says

(A) Claims for relief. To state a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, a pleading must contain:

(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and

(2) a demand for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

INB claims demand and nonpayment can be inferred from the complaint. We agree.

This is the age of notice pleading. Our Supreme Court's adoption of the new procedural rules as of January 1, 1970, effectively extracted our procedural law from the stone age quagmire of common law and code pleading for all time. The classic procedural tools then primarily used for purposes of delay, such as demurrers, pleas in abatement, motions to make more specific and to strike, etc., were either abolished by their enactment, *cf.* T.R. 7(C), or their use narrowly restricted, *cf.* T.R. 12(E) and (F).

Professor Harvey's monumental work cogently discusses the prime purpose of our new rules. Discussing the second sentence of T.R. 1 ["They shall be construed to secure the just, speedy and inexpensive determination of every action."], Professor Harvey said

The second sentence of this rule should be read in conjunction with Rule 8(f), Construction of Pleadings, and Rule 61, Harmless Error. These provisions provide a mandate on construction of the rules. It has been said that the policy of rules such as these is to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits. *Mitchell v. White Consolidated, Inc.*, 177 F.2d 500 (7th Cir. 1949), certiorari denied 70 S.Ct. 574, 339 U.S. 913, 94 L.Ed. 1339.

\*　　\*　　\*　　\*　　\*　　\*

The primary purpose of the Rules is, of course, to promote the ends of justice by simplifying the procedure in the courts and continuing a single form of action. Frequently, judges and courts have emphasized the benefits which flow from this kind of civil practice. Thus, Chief Justice Hughes of the United States Supreme Court, when speaking of what became the Federal Rules, said: "It is manifest that the goal we seek is a simplified practice which will strip procedure of unnecessary forms, technicalities and distinctions, and permit the advance of causes to the decision of their merits with a minimum of procedural encumbrances." 21 A.B.A.J. 340, 341 (1935).

\*　　\*　　\*　　\*　　\*　　\*

The second sentence is the guiding star for the construction of all the Federal Rules, and there is no doubt that it is

also that for the construction of the entire set of Indiana Rules.

\* \* \* \* \* \*

Volumes could be, and have been, written about the meaning of the terms "just, speedy and inexpensive determination" but a few references are sufficient to indicate the importance of those terms. In 1939, Judge Ford, referring to this language said, "Without minimizing the importance of any of the other objectives which the new rules seek to attain, it seems safe to say that the ultimate success of the Rules will be measured or judged more by the extent to which they eliminate delay than by any other single factor." 1 F.R.D. 223 (1941).

The same can be said about the Indiana Rules, keeping in mind that delay does not mean court congestion alone, but can mean that deliberate postponement, by a misuse of these Rules, which causes a litigant to be deprived of his right to assist his claim or defense, because he cannot afford the endless hours and costs involved in countless motions, requests and filings.

A statement by the United States Supreme Court, in referring to a just, speedy and inexpensive determination of an action, should be here repeated, because it is relevant to the entire Indiana Rules of Civil Procedure:

"It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' *Conley v. Gibson*, 1957, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed 'to secure a just, speedy, and inexpensive determination of *every* action.'" *Foman v. Davis*, 1962, 83 S.Ct. 227, 230, 371 U.S. 178, 9

L.Ed.2d 222, 225–26. (Emphasis added.)

1 Harvey, Indiana Practice, 211–213 (1969).

▮▮▮ Our procedural scheme is simple, direct, and on the whole, expeditious. A complaint's allegations are sufficient if they put a reasonable person on notice as to why plaintiff sues. Defendants thereafter may "flesh out" the evidentiary facts through discovery *see* T.R. 26, et seq., all pleading and discovery then culminating in the trial court's pre-trial order, the controlling document at trial, *see*, T.R. 16, especially, section (J). The pleadings, only one part of the whole, are to be construed by trial courts so as to due justice. Trial Rule 8(F) reads

(F) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points.

In its complaint, INB alleged

\* \* \* \* \* \*

6. Pursuant to default under the terms of the Note, [the defendants are jointly and severally liable] to Plaintiff, INB, …

(R. 3). This allegation combined with the overall intendment of the complaint was sufficient to put CNSI on notice of the nature of INB's action. A reasonable person could infer INB was alleging a default had occurred on the note.

▮▮ A complaint is sufficient if default can be inferred from the recounted facts, and a person of common understanding could know what was intended. *Terre Haute Union Transfer and Storage Company v. Prickett* (1938), 106 Ind.App. 82, 15 N.E.2d 765.

▮▮ A complaint must be construed within its general scope and tenor. The court will infer such facts as may be implied by fair and reasonable intendment. *James v. State Life Ins. Co.* (1925), 83 Ind.App. 344, 147 N.E. 533. Here, a reasonable person could infer a default had

occurred. Therefore, the court did not abuse its discretion in ordering a new trial.

Affirmed.

MILLER and YOUNG, JJ., concur.