James **GORMAN** and Delores Gorman, Appellants–Plaintiffs,

v.

**I & M ELECTRIC COMPANY, INC.,** and Chris Miller, Appellees–Defendants.

**STATE FARM FIRE AND CASUALTY COMPANY,** Appellant–Plaintiff,

v.

**I & M ELECTRIC COMPANY, INC.,** and Chris Miller, Appellees–Defendants.

No. 02A05–9408–CV–314.

Court of Appeals of Indiana, Fifth District.

Nov. 3, 1994.

Transfer Denied Jan. 27, 1995.

Christopher C. Myers, Myers & Geisleman, Fort Wayne, for appellants.

Edward L. Murphy, Jr., Diana C. Bauer, Miller Carson Boxberger & Murphy, Fort Wayne, for appellees.

## OPINION

BARTEAU, Judge.

Delores Gorman brings this interlocutory appeal, pursuant to Ind.Appellate Rule 4(B)(6), challenging the trial court's partial entry of summary judgment in favor of appellees on her claim for negligent infliction of emotional harm. We affirm.

### FACTS

On May 15, 1992, the Gormans were awakened by neighbors who found the Gormans's house on fire. Mr. and Mrs. Gorman gathered their children and escaped the residence unharmed. Once outside, Mrs. Gorman mistakenly concluded that her five-year-old son was still in the house. Mr. Gorman re-entered the residence to search for the son while Mrs. Gorman remained outside, fearing for the safety of her child. After discovering that the child was not in the house, Mr. Gorman fell down the stairs in the home, injuring his back and left big toe.

After the fire, Mrs. Gorman experienced emotional distress, manifested by an outbreak of hives, and has been diagnosed as agoraphobic.[1] Her doctors attribute her problems, in part, to the experience of the fire. Mrs. Gorman brought a claim against appellees for her emotional damages. The trial court granted appellees' motion for summary judgment on Mrs. Gorman's claim, due to her inability to satisfy Indiana's impact requirement for negligent infliction of emotional harm.

---

1. Agoraphobia is the irrational fear of leaving the familiar setting of home. *Steadman's Concise Medical Dictionary Illustrated* 27 (2d Ed.1994).

## ISSUE

Mrs. Gorman concedes that the circumstances of her injury do not satisfy the impact rule as recently modified by our supreme court in *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452. Mrs. Gorman invites us to revisit the impact requirement and either abolish the rule altogether or create an exception allowing Mrs. Gorman to present her claim to the jury. We refuse to do either.

## DISCUSSION

 The general rule in Indiana is that to recover under a claim for tortious infliction of emotional distress, a plaintiff must show that (1) she sustained a physical impact, (2) physical injury arose from the impact, and (3) she suffered emotional damage as a result of the impact and injury. *Boston v. Chesapeake* (1945), 223 Ind. 425, 428–29, 61 N.E.2d 326, 327. Our supreme court has recognized two exceptions to this rule. First, in *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 29–30, the impact requirement was removed for situations in which there has been an intentional trespass. This exception does not apply to the case at bar because Mrs. Gorman's claim sounds solely in negligence.

 The second exception was created by our supreme court in *Shuamber*, in which the impact rule was modified as it applied to negligent infliction of emotional harm. In *Shuamber*, a mother and daughter sought recovery for emotional damages they sustained when their son/brother was killed. The death occurred when the car in which the three of them were travelling was struck by a drunk driver. Under Indiana's three-part analysis, the mother and daughter could not recover for their emotional injuries because the emotional trauma was not triggered by their own injuries, but rather the injuries of their son/brother. 579 N.E.2d at 454.

Our supreme court modified the impact rule for claims arising in negligence, allowing the Shuambers to recover. The modified rule is:

[When a plaintiff] sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, ... such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Id.* at 456; *J.L. & R.L. v. Mortell* (1994), Ind.App., 633 N.E.2d 300, 304.

This modified impact rule maintains the requirement that Mrs. Gorman demonstrate that she suffered a direct physical impact. It is undisputed that Mrs. Gorman did not suffer an impact. As Mrs. Gorman concedes, the trial court correctly determined that these facts do not satisfy the rule set forth in *Shuamber*.

 Mrs. Gorman therefore asks that we abolish the impact requirement. She proposes that we adopt a "zone of danger" analysis in its place. Some jurisdictions have adopted this approach, which allows a plaintiff to recover if she is near the scene of the injury and exposed to the risk involved, without requiring the plaintiff to actually suffer an impact.[2] However, our supreme court specifically preserved the impact requirement in the *Shuamber* decision. It is for our supreme court or legislature to abolish the impact rule and adopt the approach Mrs. Gorman suggests.

 Mrs. Gorman next argues that we should recognize an exception to the impact rule where a person suffers a traumatic experience that causes emotional injury, regardless of impact or physical harm. While we have no doubt that Mrs. Gorman was concerned about her son's safety before she discovered that her child was not in danger, the facts presented by Mrs. Gorman would push such an exception to an extreme.

---

2. Mrs. Gorman cites to *Dillon v. Legg* (1968), 68 Cal.2d 728, 740–41, 69 Cal.Rptr. 72, 80, 441 P.2d 912, 920, for California's "zone of danger" rule which considers (1) whether plaintiff was located near the scene of the accident, (2) whether the shock resulted from directly observing the accident, and (3) the relationship between the plaintiff and victim.

Regardless of impact, Mrs. Gorman only witnessed the burning of her home, an economic loss.[3] Mrs. Gorman did not witness any physical injury and, in fact, her son was not injured in the fire.[4] Mrs. Gorman's alleged emotional trauma arose from her mistaken belief that her five-year-old son was inside the burning home. Allowing Mrs. Gorman to recover for her fear of an injury that did not occur, but might have happened had the situation been as she mistakenly believed, would effectively abolish the impact rule. Under this exception, not only would there be no impact requirement, but there would be no requirement that anyone be physically injured at all.[5] As noted above, an extension of *Shuamber* of this nature is left to the prerogative of our supreme court or legislature.

 Finally, Mrs. Gorman asks that we find that she sustained an impact for the sole purpose of allowing her claim to be presented to the jury. She proposes that an impact could be found in her entire experience with the fire: being awakened during the night by the fire, fleeing her home, watching her husband re-enter the house, and fearing for the safety of her son. The trial court correctly determined that these facts do not demonstrate that she sustained a direct physical impact.

**AFFIRMED.**

HOFFMAN and RUCKER, JJ., concur.

---

3. Mrs. Gorman does not argue that her emotional damages are based upon witnessing the economic loss of her home. We have held that one cannot recover for emotional trauma resulting from an economic loss. *Comfax v. North American Van Lines* (1992), Ind.App., 587 N.E.2d 118, 127 (emotional damages denied where a plaintiff attempted suicide because the defendant had allegedly caused his company's financial collapse).

4. The facts show that the only physical injuries were those suffered by Mr. Gorman when he tumbled down the stairs. Mrs. Gorman does not argue that her emotional trauma arises from her husband's physical injury, which she did not witness.

5. In this case we do not attempt to resolve the question of whether it would have been necessary that Mrs. Gorman actually see the infliction of injury to her son, since Mrs. Gorman's son was not inside the burning house and was not injured.