**Melvin MILLER, and Elizabeth Miller, Appellants–Plaintiffs,**

v.

**L.C. MAY, Leah S. Gill, d/b/a Gill Funeral Home, DOES 1–10 Appellees–Defendants.**

No. 18A05–9502–CV–59.

Court of Appeals of Indiana.

Nov. 2, 1995.

Transfer Denied March 22, 1996.

---

Alan K. Wilson, Muncie, for Appellants.

Robert W. Wright, Todd J. Kaiser, John K. McDavid, Locke Reynolds Boyd & Weisell, Indianapolis, for Appellees.

## OPINION

ROBERTSON, Judge.

Plaintiffs–Appellants Melvin and Elizabeth Miller [Miller] appeal the summary judgment entered in favor of Defendants–Appellees, L.C. May, Leah S. Gill, d/b/a Gill Funeral Home, Does 1–10, [Funeral Home] in the Millers' lawsuit against the funeral home for negligent and intentional infliction of emotional distress. Miller raises two issues, neither of which constitutes reversible error.

## FACTS

The facts in the light most favorable to the nonmovant Miller, which are not disputed, reveal that Melvin's twin brother, Marvin, died at a nursing home early the morning of July 28, 1991. Later that morning, May, a representative of the funeral home, called Miller regarding the funeral arrangements to be made for Marvin. Later that same day, May misinformed the local newspapers that Melvin Miller, and not Marvin, had died. The next day, July 29, the newspaper reported that Melvin, and not Marvin, had died. The mistake regarding the identity of the deceased was corrected by the time of the funeral.

## DECISION

Summary judgment is appropriate only if no genuine issues of material fact

exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Great Lakes Chemical Corp. v. International Surplus Lines Insurance Co.* (1994), Ind.App., 638 N.E.2d 847, 849. In reviewing a motion for summary judgment, this court must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Cloverleaf Apartments, Inc. v. Town of Eaton* (1994), Ind.App., 641 N.E.2d 665, 667. The review of summary judgment requires the appellate court to employ the same standard as the trial court. *Farm Equipment Store, Inc. v. White Farm Equipment Company* (1992), Ind.App., 596 N.E.2d 274, 275. A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant bears the burden of demonstrating the trial court erred. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434. Nevertheless, this court must carefully scrutinize the trial court's decision to ensure that the losing party is not improperly denied his day in court. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190.

## I.

### *Negligent Infliction of Emotional Distress*

■ The modified impact rule for the negligent infliction of emotional distress is: [When a plaintiff] sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 456; *Gorman v. I & M Electric Company, Inc.* (1994), Ind.App., 641 N.E.2d 1288, 1290, *trans. denied.* Thus, the modified impact rule maintains the requirement that the plaintiff demonstrate that he suffered a direct physical impact. *Id.*

Miller concedes that he did not suffer a direct physical impact, but urges us to abolish the impact rule all together. As the modified impact rule was established by our supreme court, we cannot. *Id.* Therefore, the trial court correctly entered summary judgment against Miller with respect to his claim for the negligent infliction of emotional distress.

## II.

### *Intentional Infliction of Emotional Distress*

■ In *Cullison v. Medley* (1991), Ind., 570 N.E.2d 27, 29–30, our supreme court abolished the impact rule for situations in which emotional distress has been caused by a tortious trespass. *Gorman,* 641 N.E.2d at 1290. *Cullison* also recognized that, under proper circumstance, liability will attach to a defendant for the intentional infliction of emotional distress. 570 N.E.2d at 31. However, in *Cullison,* although the defendant had displayed open hostility toward the plaintiff, trespassed into the plaintiff's home wearing a gun (knowing that plaintiff disliked guns), and threatened the plaintiff, our supreme court upheld the entry of summary judgment holding that there was no evidence that the defendant had intended to inflict emotional distress upon the plaintiff. *Id.*

In the present case, Miller's complaint does not allege any tortious trespass in conjunction with the infliction of emotional distress, it merely alleges a "stand alone" claim of the intentional infliction of emotional distress. As in *Cullison,* however, there is no evidence that the funeral home had intended to inflict emotional distress upon Miller when it had misinformed the newspapers regarding the identity of the decedent. Therefore, the trial court appropriately entered summary judgment against Miller on this theory of recovery as well.

Judgment affirmed.

BAKER and RUCKER, JJ., concur.