Carl W. CONDER and Moore–Langen Printing Company, Inc., Appellants–Defendants,

v.

Priscilla WOOD and Michael Wood, Appellees–Plaintiffs.

No. 49A04–9706–CV–230.

Court of Appeals of Indiana.

Feb. 20, 1998.

---

Michael A. Aspy, Landau, Omahana & Kopka, Carmel, for Appellants–Defendants.

C. Warren Holland, Michael W. Holland, Holland & Holland, Indianapolis, William J. Rumely, Sipe Pankow Rumely & Hehner, Indianapolis, for Appellees–Plaintiffs.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Defendants Carl W. Conder and Moore–Langen Printing Company, Inc. (collectively "Moore–Langen") bring this interlocutory appeal to challenge the trial court's denial of their motion for summary judgment. The sole issue for our review is whether Wood is precluded from recovering for her emotional injuries under the modified impact rule announced in *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind.1991).

We reverse.

### STATEMENT OF THE FACTS

On September 1, 1993, Priscilla Wood and Patricia Brittain, Wood's friend and co-worker, were walking in downtown Indianapolis and stopped at the corner of Illinois Street and New York Street. After the pedestrian crossing signal appeared, Wood and Brittain attempted to cross New York Street. At the same time, Carl Conder was driving a truck northbound on Illinois and began to negotiate a right turn onto New York Street. Wood saw the truck moving toward them and yelled that the truck was not going to stop. She jumped out of the path of the oncoming truck and attempted to pull Brittain back. Before Brittain had time to react, the right front wheel of the truck struck her and knocked her violently to the ground. The truck continued to roll directly next to where Wood was standing, and Brittain was in the direct path of the rear wheels of the truck. Afraid that the truck would run over Brittain, Wood began pounding on the panels of the truck trailer to get the driver's attention. The truck came to a stop just before the rear tires ran over Brittain's head. Brittain died at the scene. At the time of the accident, Conder was "acting within the course and scope of his employment and/or agency" at Moore–Langen Printing Company, Inc. (R. 36).

As a result of this incident, Wood sustained bruises on her right arm. In addition, Wood sustained emotional and psychological trauma, stress-related headaches, insomnia, and personality changes.

On August 31, 1995, Wood and her husband filed a complaint for damages against Conder and Moore–Langen Printing Company, Inc., seeking recovery for Wood's physical and emotional injuries and for her husband's loss of consortium. On December 24, 1996, Moore–Langen filed a motion for summary judgment, arguing that any recovery sought by Wood for emotional distress or psychological damage was precluded under Indiana law. The trial court issued an order denying the motion for summary judgment.

## DECISION

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). In ruling on a summary judgment motion, all evidence must be construed in favor of the non-moving party, and all doubts as to the existence of a material fact must be resolved against the moving party. *Bailey v. Manors Group*, 642 N.E.2d 249, 252 (Ind.Ct.App.1994), *reh'g denied*, *trans. denied.*

On appeal, the reviewing court examines the same issues, and applies the same analysis as the trial court does. *Schrader v. Eli Lilly and Co.*, 639 N.E.2d 258, 261 (Ind. 1994), *reh'g denied.* When the parties do not dispute facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *O'Neal v. Throop*, 596 N.E.2d 984, 986 (Ind.Ct.App.1992), *trans. denied.*

In the present case, the material facts are not in dispute for purposes of summary judgment. The parties differ only upon the application of law. Moore–Langen contends that Indiana's modified impact rule announced in *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind.1991) precludes Wood from recovering for her emotional injuries.

In *Shuamber*, Shuamber and her two children, Katherine and Zachary, were traveling in an automobile at the time a drunk driver collided with it. Both Shuamber and Katherine suffered various physical injuries in the accident and Zachary was killed. Shuamber and Katherine sought damages for the emotional distress they suffered from watching Zachary die. Our supreme court outlined the traditional "impact rule" and its genesis:

> Unquestionably, Indiana has a long-standing and well-established rule that damages for mental distress or emotional trauma may be recovered only when the distress is accompanied by and results from a physical injury caused by an impact to the person seeking recovery. The mental injury must be the natural *and* direct result of the plaintiff's physical injury. This rule is known as the "impact rule" because of the requirement that there be some physical impact on the plaintiff before recovery for mental trauma will be allowed. This has been the rule in Indiana for nearly one hundred years, and has it origins in England. The rule, as applied in Indiana, has three elements: (1) an impact on the plaintiff; (2) which causes physical injury to the plaintiff; (3) which physical injury, in turn, causes the emotional distress.

*Id.* at 454 (citations omitted)(emphasis in original). The supreme court noted that the Shuambers were clearly precluded from recovering damages for their mental injuries under this rule. *Id.* at 455. After re-examining the rationale of the impact rule, the supreme court announced the following modification of the rule:

> When ... a plaintiff sustains *a direct impact by the negligence of another* and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, ... such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the

emotional trauma arises out of or accompanies any physical injury to the plaintiff. 579 N.E.2d at 456 (emphasis added).

■ Since *Shuamber*, this court has stated that the modified impact rule "maintains the requirement that [the plaintiff] demonstrate that she suffered a direct physical impact." *Etienne v. Caputi*, 679 N.E.2d 922, 926 (Ind.Ct.App.1997)(quoting *Gorman v. I & M Electric Co., Inc.*, 641 N.E.2d 1288, 1290 (Ind.Ct.App.1994), *trans. denied* ); *see Miller v. May*, 656 N.E.2d 1198, 1200 (Ind.Ct.App. 1995), *trans. denied.* Thus, we must determine whether Wood suffered a direct physical impact by the negligence of another. Impact is defined as "an impinging or striking esp. of one body against another." Webster's Ninth New Collegiate Dictionary 602 (1989). "By" is defined as "[t]hrough the means, act, agency or instrumentality of." Black's Law Dictionary 201 (6th ed.1990). Wood was therefore required to demonstrate that she suffered a direct physical impinging or striking through the negligent act of Conder.

■ In the present case, the evidence reveals that the only physical impact between Wood and the truck driven by Conder was initiated through Wood's action, not directly through Conder's negligence. Wood saw the truck attempting to negotiate a turn, screamed, and avoided injury by jumping out of the path of the truck. Despite Wood's attempt to pull Brittain out of the path of the truck, Conder negligently struck Brittain. When the truck continued to roll forward, Wood began pounding on the truck in an attempt to get Conder to stop the vehicle before its rear wheels ran over Brittain again. While it is clear that Wood was involved in the incident which resulted in Brittain's death, we do not see that Wood suffered "a direct physical impact by the negligence of another" necessary for the application of the modified impact rule. As our supreme court established this rule, we are not free to ignore it. *See Etienne*, 679 N.E.2d at 926. Moore–Langen was entitled to judgment as a matter of law on Wood's claim for her emotional injuries.

We reverse.

HOFFMAN, J., concurs.

BARTEAU, J., dissents with separate opinion.

BARTEAU, Judge, dissenting.

I believe what remains of the impact rule, as modified in *Shuamber*, need not be construed so narrowly as it is in the majority opinion, and it should not preclude Wood from the opportunity to seek recovery for her emotional injuries. The trial court properly denied summary judgment to Moore–Langen, and I must dissent from our reversal of that decision.

As the majority correctly notes, *Shuamber* modified the "impact rule" so that the required impact need not cause physical injury to the plaintiff, and so that the emotional distress suffered by the plaintiff need not result from a physical injury caused by the impact. Instead, a plaintiff pursuing an action for emotional distress need only show that she has sustained a "direct impact by the negligence of another" and has suffered emotional trauma "by virtue of that direct involvement." 579 N.E.2d at 456.

In modifying the impact rule, the *Shuamber* court shifted the focus away from the effect of the physical injuries the impact caused to the plaintiff, and toward the emotional distress that the plaintiff felt due to her "direct involvement" in an injury to someone else:

We are satisfied that these policy reasons [supporting the former impact rule] are no longer valid concerns in the context of negligent infliction of emotional distress, and we perceive no reason to refrain from extending recovery for emotional distress to instances where the distress is the result of a physical injury inflicted on another.

*Id.* at 455. Our supreme court noted that only two states other than Indiana required that a plaintiff's emotional distress arise from her physical injury, and that only three other states required any impact at all. *Id.* n. 1.

The majority reads into the *Shuamber* standard a limitation which cannot be found in the language of that standard and which is

not required by the rationale underlying the modification of the impact rule in that decision.

Specifically, the majority would require not only direct impact—the "striking ... of one body against another"—but it apparently would further require that the impact be initiated by the tortfeasor. The *Shuamber* language does not explicitly impose any such requirement concerning the source of the impact. It will, obviously, be a rare situation where the impact is not initiated by the tortfeasor, but I believe we have just such a situation before us and we should allow Wood's claim to go forward.

There can be no doubt that there was "impact" when Wood pounded on the side of the Moore–Langen truck in order to prevent it from running over Brittain with its rear wheels. Nor can there be any doubt that Wood has alleged, as *Shuamber* requires, emotional trauma suffered by virtue of her "direct involvement" in Moore–Langen's negligent conduct. In fact, her involvement was at least as "direct" as that of the *Shuamber* plaintiffs, who were merely present in a car when it collided with another car, killing a family member.

The majority suggests, implicitly, that had Wood herself been struck, however minimally, by the Moore–Langen truck, she would have an action for the emotional distress she suffered as a result of Brittain's death. Yet, the majority holds, she has no action for the same emotional distress when she is just as "directly involved" in the accident by virtue of her unsuccessful rescue attempt.

I find no basis in policy or precedent for such a result. Nothing in the language or rationale of the modified impact rule precludes a cause of action on the part of a plaintiff who, in the course of a rescue, must initiate an impact upon the tortfeasor as a part of the rescue attempt. Wood has sufficiently alleged both "impact" and "direct involvement," and I would affirm the trial court.