Dorothy J. HOLLOWAY, Appellant–Plaintiff,

v.

BOB EVANS FARMS, INC. and Norpac Foods, Inc., Appellees–Defendants.

No. 49A02–9711–CV–734.

Court of Appeals of Indiana.

June 8, 1998.

---

Aaron E. Haith, Indianapolis, for Appellant–Plaintiff.

Richard R. Skiles, Richard A. Cook, Skiles & Cook, Indianapolis, for Appellees–Defendants.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

On September 1, 1995, Dorothy J. Holloway filed a complaint for damages against Bob Evans Farms, Inc. ("Bob Evans") and Norpac Foods, Inc. ("Norpac"). Bob Evans and Norpac then filed a joint motion for summary judgment, and after a hearing, the trial court granted the motion. Holloway now appeals. The sole issue presented for our review is whether the trial court erred when it entered summary judgment in favor of Bob Evans and Norpac.

We reverse and remand.[1]

### FACTS

On September 3, 1993, Holloway and her granddaughter Nekisha went to Bob Evans restaurant to have dinner. As Holloway was looking over the menu, a waitress approached the table and suggested that she order the dinner special, which consisted of a chicken breast, stir-fry vegetables, wild rice and Monterey Jack cheese. Holloway ordered the special and Nekisha ordered a hamburger.

The waitress served the food and Holloway began to eat. After she had consumed approximately one-half of her meal, Holloway reached to get a fork of vegetables and noticed that something had fallen off her fork. She then used her fork to push the object that had fallen and asked Nekisha what the object was. Nekisha took Holloway's plate, held it closer for a better view and replied, "Granny, you don't want to know." Holloway realized that the object that had fallen from her fork was a worm. Next, Nekisha placed the worm on a napkin as Holloway yelled, "There's a worm in my food!" Holloway later described the worm as approximately the size of a match. She stated further that the worm had black hair and was "yellowish looking" where it had been cooked.

Holloway and Nekisha then proceeded to the register to pay for the meal. At that point, the manager of the restaurant told Holloway that Bob Evans buys frozen vegetables that are not washed before they are cooked. Holloway left the restaurant and began vomiting while sitting in her car. Nekisha remained in the restaurant and paid for the meal.

Subsequent to the incident at Bob Evans, Holloway experienced vomiting and diarrhea which aggravated her hemorrhoids for a period of two weeks. Holloway also had nightmares about discovering the worm in her food, experienced weight loss and visited both her family doctor and a psychologist at Charter Hospital. She claims to have missed work because of her illness and treatment and that the incident at Bob Evans has affected her emotionally, psychologically and physically.

### DISCUSSION AND DECISION

#### Standard of Review

■ When reviewing a summary judgment decision, an appellate court applies the same standard as does the trial court. *USA Life One Ins. Co. of Indiana v. Nuckolls,* 682

---

1. We heard oral argument on May 7, 1998, at Center Grove High School in Johnson County.

N.E.2d 534, 537 (Ind.1997). Summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Trotter v. Nelson*, 684 N.E.2d 1150, 1152 (Ind. 1997). Just as the trial court, we may only consider those parts of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and other matters which have been designated by the parties to the trial court for consideration. *Id.* We do not weigh the evidence presented by the parties. Rather, we consider the evidence designated by the parties in the light most favorable to the non-moving party. *USA Life*, 682 N.E.2d at 534.

### Issue One: Breach of Contract

The parties agree that Count I of Holloway's complaint for damages asserts negligence as a theory of relief. However, the parties disagree whether Count I also pleads a breach of contract claim. Holloway maintains that under the rules of notice pleading, Count I of her complaint is sufficient to put Bob Evans and Norpac on notice of her breach of contract theory. In response, Bob Evans and Norpac argue that Count I consists of only a negligence claim. We agree with Holloway.

■ Trial Rule 8 defines the general rules of pleading. It provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief to which the pleader deems entitled." Ind. Trial Rule 8(A)(1)–(2). Under notice pleading, the issue of whether a complaint sufficiently pleads a certain claim depends on whether the opposing party has been sufficiently notified so as to be able to defend the claim. *Noblesville Redevelop. Com'n v. Noblesville Assoc. Ltd.*, 674 N.E.2d 558, 563–64 (Ind.1996) (citations omitted). Stated differently, "a complaint's allegations are sufficient if they put a reasonable person on notice as to why plaintiff sues." *Id.* at 564 (citing *Capitol Neon Signs, Inc. v. Indiana Nat'l Bank*, 501 N.E.2d 1082, 1085 (Ind.Ct.App.1986)).

Here, Holloway's complaint alleged in relevant part:

### Count I

9. Bob Evans knowingly invited [Holloway] into its restaurant and expressly offered by its menu and staff to prepare and deliver to [Holloway] wholesome food in return for a price set by which [she] agreed to pay.

10. Norpac knowingly delivered frozen food products to Bob Evans with the intention that the same be prepared and sold to the public who were invitees to Bob Evans.

11. Bob Evans recklessly and negligently failed to exercise reasonable care in the preparation of the food ordered by [Holloway], and Norpac negligently packaged the food products sold to [her].

12. As a direct and proximate result of [Bob Evans's and Norpac's] negligence and failure to exercise reasonable care, [Holloway] suffered injury to her person of a continuing nature and out-of-pocket losses as hereinabove set forth.

■ On its face, Count I of Holloway's complaint sounds in both tort and contract. Regarding the contract theory, paragraph 9 of the complaint alleges that there was an offer, acceptance and consideration. *See Straub v. B.M.T. by Todd*, 645 N.E.2d 597, 598 (Ind.1994) (rudimentary elements of contract are offer, acceptance of the offer and consideration). Specifically, the complaint alleges that Bob Evans invited Holloway into the restaurant and offered to prepare and serve her a wholesome meal. The complaint further alleges that Holloway accepted that offer when she ordered the chicken stir fry special and agreed to pay the price advertised. According to Holloway, the "bargained-for exchange" is that she agreed to pay the price for the meal that Bob Evans agreed to prepare and serve. *See B–Dry Owners Ass'n v. B–Dry System, Inc.*, 636 N.E.2d 161, 163 (Ind.Ct.App.1994) (consideration consists of a bargained-for exchange), *trans. denied.* Further, under a third party beneficiary theory, paragraph 10 of the complaint alleges that Norpac breached its obligation to deliver unadulterated frozen food to Bob Evans. Given the rules of notice pleading under Trial Rule 8, we conclude that

Count I of Holloway's complaint was sufficient to place Bob Evans and Norpac on notice of her breach of contract theory.

We must now determine whether the trial court erred when it granted summary judgment in favor of Bob Evans and Norpac on Holloway's breach of contract claim.[2] Initially, we note that this is the first time we have encountered a breach of contract theory in a case where a restaurant has allegedly served adulterated food to a customer.[3] In any event, the essential elements of any breach of contract claim are the existence of a contract, the defendant's breach thereof, and damages. *See Shumate v. Lycan*, 675 N.E.2d 749, 753 (Ind.Ct.App.1997), *trans. denied*.

First, Bob Evans argues that Holloway's breach of contract claim must fail because she did not argue or designate any evidence regarding her damages from the alleged breach. Bob Evans maintains that the only damages placed at issue by Holloway were her emotional distress damages and that such damages are not recoverable for breach of contract. We agree with Bob Evans that emotional distress is not a recoverable damage under a pure breach of contract theory. *See Plummer v. Hollis*, 213 Ind. 43, 11 N.E.2d 140 (Ind.1937). Rather, the proper measure of damages for breach of contract is the loss actually suffered as a result of the breach. Further, plaintiff is not entitled to be placed in a better position than he would have been had the breach not occurred. *Showalter, Inc. v. Smith*, 629 N.E.2d 272, 276 (Ind.Ct.App.1994), *trans. de-*

nied. In order to succeed on a breach of contract claim, plaintiff bears the burden of demonstrating that defendant's breach of contract was a "substantial factor" contributing to her damages. *Fowler v. Campbell*, 612 N.E.2d 596, 602 (Ind.Ct.App.1993).

In addition to her emotional distress damages, Holloway's complaint alleges that she suffered injuries and lost wages. Contrary to Bob Evans's argument, Holloway testified in her deposition regarding her physical illness after the incident at Bob Evans, her multiple doctor visits, the medications prescribed by her doctors and her absence from work. Thus, the designated evidence supports Holloway's contention that she sustained damages other than emotional distress. We conclude that there is a genuine issue of material fact whether Bob Evans's breach was a substantial factor which contributed to these damages and, therefore, that the trial court erred when it granted summary judgment on the breach of contract claim as it relates to Bob Evans.

Next, Norpac asserts that Holloway failed to present any evidence in support of her breach of contract claim as it relates to Norpac. We agree. Holloway's complaint alleged that "Norpac knowingly delivered frozen food products to Bob Evans with the intention that the same be prepared and sold to the public who are invitees of Bob Evans." Thus, Holloway's breach of contract claim against Norpac is based on a third party beneficiary theory. A third party beneficiary contract exists when: (1) the parties intend

2. Holloway asserts that the trial court failed to consider her breach of contract argument when it granted the joint motion for summary judgment. Here, the trial court entered a general order granting Bob Evans's and Norpac's motion for summary judgment and did not enter findings of fact or conclusions thereon. Special findings are not required in summary judgment proceedings and, even if entered, are not binding on appeal. *Braden Corp. v. Citizens Nat. Bank of Evansville*, 661 N.E.2d 838, 840 (Ind.Ct.App. 1996). The record shows that Holloway presented its breach of contract argument in both her brief in response to the joint motion for summary judgment and during the hearing on the motion. We must assume that the trial court took all relevant evidence into consideration when it entered judgment in favor of Bob Evans and Norpac. *Vlach v. Goode*, 515 N.E.2d 569, 571 (Ind.

Ct.App.1988), *trans. denied*. We are not persuaded that the court failed to consider Holloway's breach of contract argument.

3. During the summary judgment hearing, the trial court questioned Holloway's counsel about the validity of her breach of contract theory, and counsel responded incorrectly that *Kroger Co. v. Beck*, 176 Ind.App. 202, 375 N.E.2d 640 (1978), was "a direct contract case." Contrary to that characterization, the plaintiff in *Kroger* brought a personal injury tort action against a defendant grocery store after she bit into a steak she had purchased from defendant and was pricked in the mouth by a piece of an animal hypodermic needle. *Kroger*, 176 Ind.App. at 203, 375 N.E.2d at 642.

to benefit the third party, (2) the contract imposes a duty on one of the parties in favor of the third party, and (3) the performance of the terms of the contract renders a direct benefit to the third party intended by the parties to the contract. *Natl. Bd. of Examiners for Osteopathic Physicians and Surgeons, Inc. v. American Osteopathic Ass'n.,* 645 N.E.2d 608, 618 (Ind.Ct.App.1994). Here, Holloway failed to designate any evidence regarding the terms of the contract between Norpac and Bob Evans, nor did she demonstrate that Norpac or Bob Evans intended that she receive a direct benefit by performance of the contract. Therefore, the trial court did not err when it granted Norpac's motion for summary judgment on the breach of contract issue.

### Issue Two: Modified Impact Rule

Holloway next argues that the trial court should not have granted summary judgment on the issue of negligence. Specifically, Holloway claims that she is entitled to pursue recovery for her emotional damages under Indiana's "modified impact rule." Bob Evans and Norpac respond that Holloway's emotional distress claim must fail because there is no evidence that she suffered a direct physical impact.

Under Indiana's traditional impact rule, damages for mental distress could only be recovered when the distress was accompanied by and resulted from a physical injury caused by a direct impact to the plaintiff. *Shuamber v. Henderson,* 579 N.E.2d 452, 454 (Ind.1991). To recover under the rule, the plaintiff was required to prove that the mental injury was the natural and direct result of the physical injury. *Id.*

■ Then, in *Shuamber,* the court modified the traditional rule and held:

[When a plaintiff] sustains a direct impact by the negligence of another and by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, ... such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma

arises out of or accompanies any physical injury to the plaintiff.

*Id.* at 456; *Gorman v. I & M Elec. Co.,* 641 N.E.2d 1288, 1290 (Ind.Ct.App.1994), *trans. denied.* The modified impact rule maintains the requirement that the plaintiff demonstrate that she suffered some direct physical impact as a result of the defendant's negligence. However, the rule no longer requires a plaintiff to show that her emotional distress "arises out of or accompanies any physical injury." *Id.*

■ Here, Holloway contends that eating a portion of the food that had been cooked with a worm is a direct physical impact under the modified impact rule. Under these circumstances, we agree. Although the worm was not submitted as evidence or made a part of the record, the parties do not dispute, for the purposes of the summary judgment motion, that a worm was cooked and served to Holloway in her meal. Had Holloway discovered the worm before she began eating, there would have been no direct impact under the modified impact rule. *See Gorman,* 641 N.E.2d at 1291 (allowing plaintiff to recover for fear of injury that did not occur, but might have happened, would effectively abolish the impact rule). However, Holloway testified that she had consumed "over half of [her] whole dinner" before she observed the worm fall from her fork. Thus, Holloway ingested food in which the worm had been cooked. We conclude that Holloway sustained a direct impact as required by Indiana's modified impact rule.

■ Contrary to Bob Evans's and Norpac's assertion, Holloway need not present evidence that the food she consumed caused her to vomit or contributed to her physical illness in any way. Rather, under the modified rule, Holloway need only show that she experienced a direct impact and then suffered emotional trauma as a result of that impact. *See J.L. v. Mortell,* 633 N.E.2d 300, 304 (Ind.Ct.App.1994) (under modified rule, plaintiff who had suffered direct impact when therapist performed vaginal massage on her was entitled to maintain an action to recover for emotional trauma without regard to whether trauma arose out of or accompanied any physical injury), *trans. denied.* We have

already determined that Holloway sustained a direct impact by consuming food in which the worm had been cooked. Further, there is designated evidence to support Holloway's contention that she experienced emotional trauma from that impact.[4] Thus, we conclude that the trial court erred when it granted Bob Evans's and Norpac's motion for summary judgment.

## CONCLUSION

Count I of Holloway's complaint was sufficient to put Bob Evans and Norpac on notice of her breach of contract theory. We conclude that while the trial court correctly entered summary judgment in favor of Norpac on the breach of contract claim, it erred when it granted summary judgment in favor of Bob Evans on that claim. We conclude further that the court committed error when it granted the joint motion for summary judgment on Holloway's negligence claim. We reverse and remand for Holloway to present evidence of her breach of contract claim against Bob Evans and her negligence claim against Bob Evans and Norpac.

Reversed and remanded.

BAKER and BAILEY, JJ., concur.

---

4. We do not mean to infer that consuming the food in which the worm had been cooked proximately caused Holloway's emotional distress. Rather, that is a question for the trier of fact to determine.