Terry L. GROVES and Elizabeth Groves, Parents of Terry L. Groves, II, and MaryBeth Ellen Groves, by her next friend Terry L. Groves, Appellants–Plaintiffs,

v.

Jacqueline TAYLOR, Indiana State Police, and the State of Indiana, Appellees–Defendants.

No. 14A01–9808–CV–284.

Court of Appeals of Indiana.

May 6, 1999.

Frederick N. Hadley, W. Scott Montross, Townsend & Montross, Indianapolis, Indiana, Attorneys for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Carol A. Nemeth, Deputy Attorney General, Indianapolis, Indiana, Stephen R. Pennell, Ann Marie Waldron, Stuart & Branigin, Lafayette, Indiana, James D. Johnson, Mattingly, Rudolph, Fine & Porter, LLP, Evansville, Indiana, Attorneys for Appellees.

## OPINION

GARRARD, Judge

### STATEMENT OF THE CASE

Terry L. Groves and Elizabeth Groves, parents of Terry L. Groves, II, and Mary-Beth Ellen Groves, by her next friend Terry L. Groves, (collectively "MaryBeth") appeal the trial court's grant of partial summary judgment in favor of Jacqueline Taylor, Indiana State Police, and the State of Indiana (the "State") on MaryBeth's claim for negligent infliction of emotional distress. MaryBeth was a bystander when a police vehicle driven by Indiana State Police Officer Jacqueline Taylor struck and killed Mary-Beth's six-year-old brother. We affirm.

### ISSUE

The sole issue presented for our review is whether the trial court erred when it granted partial summary judgment in favor of the State.

### FACTS AND PROCEDURAL HISTORY

On August 29, 1994, eight-year-old Mary-Beth and her six-year-old brother, Terry, walked down their driveway to check the mailbox which was across from their home on State Road 58. MaryBeth watched as her brother crossed the highway to the mailbox. As Terry reached his hand to the mailbox, MaryBeth turned and began walking back toward the house. Suddenly, MaryBeth heard the impact of a police vehicle driven by Trooper Jacqueline Taylor as it struck Terry. MaryBeth turned to see what had happened and saw her brother's body as it rolled off of the highway. After striking Terry, Trooper Taylor turned around and went back to the accident scene. MaryBeth was frightened as the police vehicle sped toward her and she turned and ran to get her mother.

Terry L. Groves and Elizabeth Groves, as parents of Terry L. Groves, II, deceased, and MaryBeth, by her next friend Terry L. Groves, filed a personal injury/wrongful death action against the State. Mr. and Mrs. Groves alleged that Trooper Taylor negligently caused the death of their son. Mary-Beth alleged that she suffered emotional distress as a result of witnessing the negligent accident which caused her brother's death. The State filed a motion for partial summary judgment seeking judgment as a matter of law on MaryBeth's claim for negligent infliction of emotional distress. In its motion, the State alleged that the undisputed facts showed that MaryBeth did not suffer "direct physical impact" as a result of the accident and, thus, partial summary judgment was appropriate. Following a hearing, the trial court entered partial summary judgment in favor of the State.

### DISCUSSION AND DECISION

#### Standard of Review

Our summary judgment standard of review is well settled. Upon review of the grant or denial of a motion for summary judgment, we apply the same legal standard

as the trial court. *Erie Ins.Co. v. American Painting Co.,* 678 N.E.2d 844, 845 (Ind.Ct. App.1997). Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We do not reweigh the evidence presented by the parties; rather, we consider the evidence in the light most favorable to the nonmoving party. *USA Life One Ins. Co. of Indiana v. Nuckolls,* 682 N.E.2d 534, 537 (Ind.1997). We will affirm a trial court's grant of summary judgment if it is sustainable on any theory found in the evidence designated to the trial court. *Bamberger & Feibleman v. Indianapolis Power & Light Co.,* 665 N.E.2d 933, 936 (Ind.Ct.App.1996).

### Modified Impact Rule

MaryBeth contends that as a sister/pedestrian-bystander who witnessed her brother's death, she is entitled to pursue a claim for negligent infliction of emotional distress under Indiana's "modified impact rule" despite the fact that she suffered no direct physical impact as a result of the accident. In the alternative, MaryBeth urges this court to extend, clarify, or modify Indiana law to permit her recovery. We address each of MaryBeth's assertions in turn.

■ Under Indiana's traditional impact rule, no recovery for emotional damages was available unless the emotional trauma or distress was accompanied by and resulted from a physical injury caused by an impact to the plaintiff. *Shuamber v. Henderson,* 579 N.E.2d 452, 454 (Ind.1991). However, in *Shuamber,* our supreme court modified our traditional impact rule and held:

> When . . . a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, we hold that such a plaintiff is entitled to

maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Id.* at 456.[1] Since *Shuamber,* this court has had various occasions to apply and interpret the modified impact rule, though not always with consensus. *See Bader v. Johnson,* 675 N.E.2d 1119 (Ind.Ct.App.1997) (resulting in a lead opinion, a second opinion concurring in part with the lead and concurring in result in part with a separate opinion, and a third opinion concurring in part and dissenting in part), *trans. granted; Conder v. Wood,* 691 N.E.2d 490 (Ind.Ct.App.1998) (resulting in a majority opinion and a dissenting opinion), *trans. granted; Ross v. Cheema,* 696 N.E.2d 437 (Ind.Ct.App.1998) (resulting in a lead opinion, a concurring opinion, and a dissenting opinion), *trans. pending.*

■ Despite our oft disagreement as to what constitutes "direct impact" and whether that impact need be initiated by the tortfeasor, this court has consistently stated that the modified impact rule maintains the requirement that the plaintiff demonstrate that she suffered some direct physical impact. *See Holloway v. Bob Evans Farms, Inc.,* 695 N.E.2d 991, 996 (Ind.Ct.App.1998). The undisputed facts establish that MaryBeth did not suffer a direct physical impact as a result of the accident which killed her brother. MaryBeth had turned and was walking up her driveway toward her house when her brother was struck and killed by the police vehicle driven by Taylor. MaryBeth was not in physical contact with her brother or with Taylor's vehicle when the accident occurred. Instead she was merely a bystander who heard the impact and turned in time to observe the violent accident which caused her brother's death.

MaryBeth contends that due to her status as a sister/pedestrian-bystander and her proximity to the scene, she was "directly involved" in the accident and, thus, should be

---

1. The court in *Shuamber* also discussed the exceptions to the traditional impact rule. For example, a defendant's conduct which is "inspired by fraud, malice or like motives involving intentional conduct" has been recognized as an exception to operation of the impact rule. In addition, recovery for emotional distress may be had in the absence of a physical injury in the case of an intentional tort which would foreseeably provoke an emotional disturbance of the kind normally to be aroused in the mind of a reasonable person. *Id.* at 454–55.

**864**

able to recover under *Shuamber.* However, *Shuamber* requires that a plaintiff show that she has sustained a "direct impact by the negligence of another" *and,* that she has suffered emotional trauma "by virtue of that direct involvement." *Shuamber,* 579 N.E.2d at 456. Accordingly, *Shuamber* requires both "direct impact" and "direct involvement." *See Ross,* 696 N.E.2d at 439. Absent evidence of a direct physical impact sustained by MaryBeth, the State was entitled to summary judgment on MaryBeth's negligent infliction of emotional distress claim.

■ MaryBeth urges this court to modify Indiana law to permit her pursuit of emotional distress damages under the facts presented. It is not the province of this court to ignore or abolish the modified impact rule as declared by our supreme court in *Shuamber. See Etienne v. Caputi,* 679 N.E.2d 922, 926 (Ind.Ct.App.1997); *Miller v. May,* 656 N.E.2d 1198, 1200 (Ind.Ct.App.1995), *trans. denied; Gorman v. I & M Elec. Co.,* 641 N.E.2d 1288, 1291 (Ind.Ct.App.1994), *trans. denied.* It is our supreme court's prerogative to decide whether our current law needs clarification, modification, or should be extended to include a larger class of plaintiffs. We are bound to follow the precedent set by Indiana's highest court. The trial court properly entered partial summary judgment in favor of the State.

Affirmed.

NAJAM, J. concurs.

KIRSCH, J. concurs and files separate opinion.

KIRSCH, Judge, *concurring.*

I fully concur in the majority decision which is mandated by *Shuamber v. Henderson,* 579 N.E.2d 452 (Ind.1991). I write separately only to note that traumatic events can have severe, debilitating and foreseeable emotional effects even if not accompanied by physical injury, a direct impact or a direct involvement. In *Shuamber,* our supreme court took an important step toward eliminating the harsh consequences of the impact rule by re-examining and eliminating the physical injury requirement. This case presents the opportunity to take another such step.